OLD COLONY TRUST COMPANY, trustee, *vs.* BERENICE MAY RICHARDSON & others.

Suffolk.   November 13, 1936. — March 31, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Power.   Devise and Legacy,* Power.   *Words,* "Provided only."

An exercise of a power which is partly valid and partly invalid will be given effect, so far as it is valid, if its valid and invalid elements are not so interwoven that they cannot properly be separated and if giving effect to the valid portion will more nearly conform to the intention of the donee than would declaring the attempted exercise wholly invalid.

A direction in a will that the principal of a trust fund should "go to the persons and in the manner and amounts as" the testator's wife should by will appoint "provided only that at least one half part thereof shall be given to" the testator's daughter, established merely a limitation upon the exercise of the power, and not a condition of its valid exercise which, if not complied with, would render the exercise of it void.

A purported exercise by will of a power of appointment of a principal sum by placing it in trust and directing in effect that only income of an undivided one half thereof should be paid to the donee's daughter during her life, the income of the other half to be paid to a granddaughter for her life and, if she died without issue, to the daughter, was defective because the power was limited by a requirement therein that one half of the principal should be appointed to the daughter; but under the donee's will the daughter was not entitled, in addition to one half of the principal, to one half of the income from the other half of the principal; and it was proper to enter a decree directing that one half of the principal be paid to the daughter outright and the other half be placed in trust for the granddaughter "as provided in the will of" the donee of the power, the entire income of such other half thus being directed to be paid to the granddaughter for her life and no adjudication made as to disposition thereafter.

PETITION for instructions, filed in the Probate Court for the county of Suffolk on June 2, 1936.

The petition was heard by *Prest*, J., and a decree was entered from which Josephine L. Washburn appealed.

*A. G. Gould*, for the respondent Washburn, submitted a brief.

*W. F. Coles*, (*F. E. Jennings* with him,) for the respondent Richardson.

*E. M. Poland*, guardian *ad litem, pro se*.

FIELD, J.     This is a petition in equity brought in the Probate Court by the trustee under the will of William J. Leckie, late of Boston, against Berenice M. Richardson, his granddaughter; Josephine L. Washburn, formerly Josephine L. Pope, his adopted daughter; the executor of the will of his deceased wife, Mary E. Leckie; and certain charitable corporations named in the wife's will, for instructions as to the effect of the exercise by said Mary E. Leckie of a power of appointment given by the will of her husband, William J. Leckie. A guardian *ad litem* was appointed to represent the interests of unborn and unascertained persons.

The will of William J. Leckie, after a bequest to his "adopted daughter Ella Josephine Leckie," provides that the "income of all the rest, residue and remainder of my estate, real and personal, I give, bequeath and devise to my wife, Mary E. Leckie, for her own use & that of my said adopted daughter during her — the said Mary E. Leckie's —life, with full power in her also to apply so much of the principal of said rest residue and remainder, as she may deem necessary or desirable for her comfortable support and maintenance and that of my said adopted daughter; provided however, that so much of said income or of said principal, if necessary, as is needed for a full, thorough and broad education of my said daughter shall be so applied. And whatever of said principal shall be remaining at my said wife's death shall go to the persons and in the manner and amounts as my said wife shall by her last will in writing duly executed direct and appoint; provided only that at least one half part thereof shall be given to my said daughter, if then living; and in default of appointment by my

wife, the whole of said remaining principal shall be paid and conveyed to my said daughter."

The will of Mary E. Leckie, after several bequests including legacies to charities given by paragraph Sixth, contains the following: "Eleventh: All the rest, residue and remainder of my property, of whatsoever name or description, whether my own or that over which I have the power of disposal by will under the will of my late husband, William J. Leckie, I give, devise and bequeath to the said Old Colony Trust Company, but in trust nevertheless for the following purposes, to wit: — to invest and reinvest the same, and after deducting just administration charges, at reasonable intervals to pay over the income to my said adopted daughter, Josephine L. Pope, and to my said granddaughter, Berenice May Richardson, in equal shares, share and share alike. At the death of said Josephine, her share of the income shall be paid to said Berenice, if living, and if said Berenice shall not be living to her issue then living, if any, in equal shares by right of representation, and if there are no issue of said Berenice then living to distribute the principal from which she is then receiving the income, free and discharged of all trusts, to the charities mentioned in Paragraph Sixth of this will in equal parts, share and share alike. At the death of said Berenice, her share of the income shall be paid to her issue then living, if any, in equal shares by right of representation, and if there are no issue then living, her share of the income shall be paid to the said Josephine, if she is then living. At the death of the survivor of said Josephine, and said Berenice, if there are no issue then living of said Berenice, the entire principal sum and interest shall be paid over, free and discharged of all trusts, to the charities mentioned in Paragraph Sixth of this will in equal parts, share and share alike. If there are issue then living of said Berenice, the entire principal shall be held in trust until her youngest living child shall attain the age of twenty-one years, at which time the entire principal sum and interest shall be distributed to such issue then living in equal shares by right of representation; but in the event of the prior de-

cease of all of said issue before the youngest child of said Berenice, to attain the age of twenty-one years shall attain such age, the entire principal shall be distributed to the charities as hereinbefore provided."

A decree was entered in the Probate Court "that one half of the residue of the estate of the said William J. Leckie be paid by the petitioner trustee to respondent Josephine L. Washburn, adopted daughter of said William J. Leckie, free of all trust, and all the remaining one half of said residue be held in trust by the trustee appointed under the will of Mary E. Leckie for the benefit of the respondent Berenice May Richardson, as provided under the will of the said Mary E. Leckie."

From this decree Josephine L. Washburn, the adopted daughter of William J. Leckie, appealed. She contends (a) that the entire principal of the trust created by the will of William J. Leckie remaining at the death of Mary E. Leckie passed to her (Josephine L. Washburn) in default of appointment free from any trust, or, in the alternative, (b) that one half of such principal passed to her free from any trust, and that she is entitled to share in the income of such principal — held in trust by the trustee under the will of Mary E. Leckie — according to the terms of said will.

It is clear — and there is no contention to the contrary — that the attempted exercise of the power created by the will of William J. Leckie by the will of the donee of such power, Mary E. Leckie, was improper because beyond the scope of the power. This was a limited or special power as to one half of the principal of the trust created by the will of the donor which could be appointed only to Josephine L. Washburn, the adopted daughter. Obviously the attempted appointment to her of one half of the income of the trust for her life and the other half of such income for her life upon the death of the granddaughter, without issue, did not conform to this requirement.

1. The improper exercise of the power did not invalidate the attempted exercise of the power as a whole so that the entire principal of the trust created by the will of the donor

passed in default of appointment to the adopted daughter, Josephine L. Washburn.

Where an exercise of a power is in part valid and in part invalid such exercise, so far as valid, will be given effect if the valid and invalid elements are separable. *Loring* v. *Blake,* 98 Mass. 253, 261–262. Whether in this case there is any valid element in the exercise of the power which can be separated from the invalid element depends on the interpretations to be given to the will creating the power and the will purporting to exercise it.

The only element in the exercise of the power which, considered by itself, was invalid was the failure of the donee to appoint at least one half of the principal of the trust to the adopted daughter. This adopted daughter contends, however, that, as a matter of interpretation of the will of the donor, the appointment of at least one half of the principal to her was a condition of any valid exercise of the power, and that since this condition was not performed, the attempted exercise of the power was wholly ineffective.

We think that, though the words "provided only" are used in connection with the direction that "at least one half" of the principal of the trust "shall be given" to the adopted daughter, this direction is a limitation upon the scope of the power and not a condition of its valid exercise. A will is to be so interpreted as to carry out the intention of the testator unless some rule of law prevents. *Hull* v. *Adams,* 286 Mass. 329, 333. The words "provided only" do not necessarily import a condition. See *Attorney General* v. *Methuen,* 236 Mass. 564, 573. The language and arrangement of the material clauses of the will of the donor tend to show that the direction in the form of a proviso was intended merely to limit the scope of the power given by the clause immediately preceding. Obviously the donor had two main purposes with respect to the principal of the trust remaining at the death of the donee — to insure that in any event at least one half of it would pass to the adopted daughter, and to give to his wife an unlimited

power to dispose of the other half by her will if she saw fit to do so. A construction of the direction in question as a condition of any valid exercise of the power would be no more effective to carry out these purposes than a construction of the direction as a limitation on the scope of the power, and might, as on the facts of this case, be fatal to the second of those purposes. A construction of this direction as such a limitation is in accord with the natural meaning of the language, conforms more nearly to the intention of the donor as disclosed by his will and is not in conflict with any rule of law.

Moreover, the valid and invalid elements in the exercise of the power are not so interwoven that they cannot properly be separated. Since by the will of the donor the limited power relates to a fixed part — one half — of the principal of the trust and the general power relates to the other half, nothing in said will stands in the way of such a separation. Whether such a separation properly can be made depends, therefore, on the intention of the donee — in so far as it can be ascertained from her will — with respect to the disposition of the property over which she had power of appointment in the situation which has arisen by reason of the excessive exercise of the power. *Loring* v. *Blake,* 98 Mass. 253, 262. *Stone* v. *Forbes,* 189 Mass. 163, 168. But no intention on her part, however clearly expressed, can deprive the adopted daughter of an absolute interest in one half of the principal of the trust created by the will of the donor remaining at the death of the donee. Appointments made by the donee which are in conflict with this interest of the adopted daughter must be rejected. Nevertheless it is clearly more in accord with the intention of the donee that her appointments to persons other than the adopted daughter take effect so far as possible than that these appointments fail completely and the principal of the trust pass to the adopted daughter in default of appointment. See *Loring* v. *Blake,* 98 Mass. 253, 262. The modification of the appointments required to give effect to the limitation of the scope of the power would not break up the donee's general plan for the disposition of the

trust property. It would affect appointees, other than the adopted daughter — the grandchild, the respondent Berenice M. Richardson, her issue, and the charities — only by reducing the amounts which they would receive by virtue of the exercise of the power. But the precise amounts to be received by them are not essential parts of the donee's general plan. Both the provisions by which the donor created the power and the provisions by which the donee attempted to exercise it are contained in residuary clauses and refer to no specific amounts.

2. The Probate Court ordered that "one half of the residue of the estate" of the donor, that is, one half of the principal of the trust created by his will, be paid by the trustee thereunder to the adopted daughter "free of all trust." It properly is not contended that the adopted daughter is not entitled absolutely to one half of said principal. Whatever may be the ground on which she takes this half of the principal there is no reason for a trust thereof and the court rightly ordered payment of such half of the principal to her directly. *Hooper* v. *Hooper*, 203 Mass. 50, 62–63.

3. With respect to the other half of the principal of the trust created by the will of the donor, that is, "all the remaining one half of said residue" of the estate of the donor, the Probate Court ordered that it "be held in trust by the trustee appointed under the will of Mary E. Leckie for the benefit of the respondent Berenice May Richardson, as provided under the will of the said Mary E. Leckie." Since, as above stated, the excessive exercise of the power did not totally vitiate the exercise of such power so that the whole of the principal of the trust passed to the adopted daughter in default of appointment, the Probate Court rightly ordered that this half of the principal be held in trust by the trustee under the will of the donee of the power. No part of this half of the principal passed in default of appointment. A controversy arises, however, as to the interests therein, if any, of the adopted daughter. We interpret the decree of the Probate Court as meaning that during the life of the granddaughter she is entitled to the whole of the in-

come of this half of the principal and, consequently, that the adopted daughter is not entitled to any part of such income during the life of the granddaughter. The adopted daughter contends, however, that she is entitled to one half of this income during her life in addition to an absolute interest in the other half of the principal. Only the question of the present rights to income of the granddaughter and the adopted daughter respectively is now ripe for decision. The determination of the question whether if the adopted daughter survives the granddaughter she will have any further right to income must await the event. *Flye* v. *Jones*, 283 Mass. 136, 138.

We think that the order of the Probate Court on this branch of the case was right. The donee purported to appoint — together with her own property — all the property over which she had "the power of disposal by will under the will" of the donor. This description, in construing the will of the donee to ascertain her intention, must be taken to include not only the property which the donee had unlimited power to appoint, but also that with respect to which the power of appointment was limited. See *Stone* v. *Forbes*, 189 Mass. 163, 170–171. Though, as contemplated by the will of the donee, the property was to be kept together as one trust and the income thereof was to be paid to the life beneficiaries, the granddaughter and the adopted daughter, in equal shares, they were not made joint tenants of such income. *Forbes* v. *Brigham*, 232 Mass. 177, 179. In effect, each of these beneficiaries, according to the will of the donee, was to take an equitable life interest in an undivided half of the principal of the trust created by the will of the donor. However, in any event, for the purpose of administering the trust, a division of the principal is necessary because of the limitation on the exercise of the power which requires the payment of one half of such principal to the adopted daughter absolutely. Such a division in itself does not substantially affect the interest of the granddaughter.

It is evident that the donee intended to appoint the entire principal of the trust created by the will of the donor,

and intended that her appointment to the adopted daughter of an equitable life interest in an undivided half thereof — at least in connection with the further appointment of an interest in the other half after the death of the grand-daughter — should be full compliance with the provision of the will of the donor that "at least one half part thereof shall be given to my said daughter, if then living," but it is also evident that she did not intend that the adopted daughter should take one half of the principal of the trust absolutely and also an equitable life interest in an undivided half of the remainder of the principal. These intentions cannot be carried out completely. However, they will be carried out more nearly by giving the adopted daughter absolutely one half of the principal of the trust in accordance with the provision of the will of the donor *instead of* an equitable life interest in an undivided half of such property rather than *in addition to* an equitable life interest in one half of the remaining property. By this disposition of the property the granddaughter will receive substantially the equitable life interest intended to be appointed to her and the adopted daughter will receive a greater interest than the equitable life interest intended to be appointed to her.

Nothing in the will of the donor and no rule of law prevents this result. We need not decide whether the half of the principal of the trust which is to be paid to the adopted daughter passes to her under the will of the donor in default of appointment, by reason of a trust for her benefit imposed by such will (see Am. Law Inst. Restatement: Trusts, §§ 27b, 120, see also *Greenough* v. *Welles*, 10 Cush. 571, 576; compare *Holmes* v. *Dalley*, 192 Mass. 451, 453–454), or by reason of the appointment by the donee enlarged because of the requirements of the will of the donor, on the principle that equity aids the defective execution of the power. See, however, *Rogers's Estate*, 218 Penn. St. 431; *Morriss* v. *Morriss*, 33 Grat. 51. See also *Coates* v. *Lunt*, 210 Mass. 314, 317. On no one of these theories can the adopted daughter take both an absolute interest in one half of the principal of the trust and an equitable life interest in an undivided

half of the remainder of such principal. The appointment by the donee to the adopted daughter of an equitable interest in an undivided half of the principal cannot be treated as wholly invalid so as to permit one half of the principal of the trust created by the donee to pass to her either in default of appointment or by reason of a trust imposed by will of the donor, or treated as partially invalid, but aided in equity, so as to appoint effectively one half of such principal to the adopted daughter and, at the same time, be treated as valid for the purpose of appointing to her an equitable life interest in an undivided half of the remainder of such principal. See *Noyes* v. *Noyes*, 233 Mass. 55, 58–59. The case does not fall within the principle stated in Sugd. Powers (8th ed.) 639–640, paragraph 47, relied on by the adopted daughter.

The decree must be affirmed. The allowance of costs and expenses taxed as between solicitor and client is to be in the discretion of the Probate Court. G. L. (Ter. Ed.) c. 215, § 45.

*Ordered accordingly.*