ON REHEARING
ALMON, Justice.
The guardian ad litem for Mary C. Cabaniss et al. who is also trustee ad litem for the trust estate of Florence S. Cabaniss, created under the will of Harold R. Sanson, deceased, contends on application for rehearing that the court failed to address the issue raised by the rule against perpetu-ities. He is correct. That issue was not addressed by the trial court. The court will not decide issues for the first time on appeal. This application is overruled.
The guardian ad litem for Claire Donald Hill et al. notes correctly that we did not address whether Pierson failed to comply with his power of appointment, as limited by his 1943 release, by appointing to persons outside the named class. E. g., when Pierson’s children of his marriage to Marije-an are between ages 21 and 25 (assuming the life estate given to Marijean has terminated), the children are given the power to appoint to their wives who are not within the class specified in Pierson’s release.
Assuming, without deciding, that the powers given the children are not meaningless, we believe the possibility that one outside the class designated in Pierson’s release may receive part of the property does not make Pierson’s execution of his testamentary power void. Under these facts, *1049 Pierson’s execution is merely void as to those outside the designated class.
“The question whether, notwithstanding the invalidity of some provision or provisions in attempted exercise of a power of appointment, other provisions may take effect wholly or in part, is a question which, the decisions agree, ordinarily depends for its answer upon whether the valid provisions are severa-ble from the invalid ones. Accordingly, where a person purporting to execute a power has done something which is within the power and something outside the power, then, if the things are distinguishable, the execution within the power is good and the excess void; but if the boundaries between the excess and execution are not distinguishable, the execution will be void in toto.” 62 Am.Jur.2d, Powers, § 86.
See also Id., § 87; 72 C.J.S. Powers §§ 46 & 47; Old Colony Trust Co. v. Richardson, 297 Mass. 147, 7 N.E.2d 432 (1937); 121 A.L.R. 1226, 1231; Re Estate of Spencer, 232 N.W.2d 491 (Iowa, 1975).
OPINION .EXTENDED; APPLICATION OVERRULED.
BLOODWORTH, FAULKNER and EM-BRY, JJ., and SIMMONS, Retired Circuit Judge, sitting by designation of the C. J., concur.