SHAHOOD, J.
This is a will contest in which the decedent’s three sons (“appellants”) sought to invalidate their father’s will which disinherits them and leaves his entire $1.6 million estate to his third wife (“appellee”). Following a hearing at which the appellants attempted to establish that the decedent lacked testamentary capacity due to a declining mental state, the trial court entered an order admitting the will to probate, and making the following findings:
The opponents of the will have made a strong showing questioning the capacity of the decedent to make a will on the day the will in this case was signed. If the evidence of incapacity were strong enough to shift the burden of proof to the proponents of the will, the Court would find that the proponents had not met that burden because they have been unable to establish by greater weight of the evidence that on the day the will was executed, the decedent was lucid enough to demonstrate a general understanding of the extent of his estate. However, the opponents are unable to cite to the Court any caselaw that supports the position that the burden of proof should shift or that the presumption of capacity vanishes. Because it appears the presumption of capacity is not a bursting bubble presumption, the Court feels compelled to uphold the will.
We affirm the result reached in this case, not because the presumption of capacity is not a bursting bubble presumption, but because the appellants did not meet their burden of proving lack of testamentary capacity. See generally Dade County School Bd. v. Radio Station WQBA, 731 So.2d 638 (Fla.1999)(even though a trial court’s ruling is based on improper reasoning, the ruling will be upheld if there is any theory or principle of law in the record which would support the ruling).
The burden of invalidating a will because of lack of testamentary capacity is a heavy one and must be sustained by a preponderance of the evidence. Estate of Bailey, 122 So.2d 243, 245 (Fla. 2d DCA 1960); see also In re Donnelly’s Estate, 137 Fla. 459, 188 So. 108 (1938)(It is well established that a last will and testament shall be held valid whenever possible). Testamentary capacity is determined only by the testator’s mental capacity at the time he executed his will. Estate of Bailey, 122 So.2d at 245. “ ‘[Sjound mind’ means the ability of the testator ‘to mentally understand in a general way the nature and extent of the property to be disposed of, and the testator’s relation to those who would naturally claim a substantial benefit from the will, as well as a general understanding of the practical effect of the will as executed.’ ” Id. (citations omitted). The probate court’s findings in a will contest shall not be overturned where there is substantial competent evidence to support those findings, unless the probate judge has misapprehended the evidence as a whole. Id. at 247; see also Estate of Parson, 416 So.2d 513 (Fla. 4th DCA 1982)(The findings of the trial court are to be presumed correct and are to be given the same weight as a jury verdict).
In their briefs on appeal, the parties argue whether the presumption of testamentary capacity is a vanishing or “bursting-bubble” presumption. We do not *484 reach that issue because, based on the court’s findings that appellants did not initially meet their heavy burden of proving that the decedent lacked testamentary capacity on the day the will was executed, any discussion of whether the presumption is rebuttable is irrelevant.
Although there was some testimony that on some day in 1986 the decedent would not have been competent to make a will, there was no testimony that in December 1987, when the will was actually executed, the decedent lacked such a capacity. In fact, while there was no evidence to show that the decedent was not lucid, there was some evidence to show that he was lucid on that day. Based on the evidence, the trial court correctly found that while appellants made a “strong showing questioning the capacity of the decedent,” they did not establish lack of testamentary capacity by a preponderance of the evidence. We, therefore affirm the trial court’s order admitting the will to probate.
AFFIRMED.
DELL and FARMER, JJ., concur.