843 So.2d 960 (2003)
Lauri F. PARKER, individually, and as the natural guardian of Cassie Daniele Parker, Appellant,
v.
Steven J. SHULLMAN, as Personal Representative of the Estate of Barbara Katz Silberman, as Trustee of the Paul Silberman Marital Trust, and as Trustee of the Barbara Katz Silberman Trust, Appellee.
No. 4D02-2639.
District Court of Appeal of Florida, Fourth District.
April 16, 2003.
Rehearing Denied May 14, 2003.
William Jay Palmer of Shutts & Bowen LLP, Miami, for appellant.
Richard A. Josepher, Peter J. Forman and Arin S. Miller of Tescher Gutter Chaves Josepher Rubin Ruffin & Forman, P.A., Boca Raton, for appellee.
PER CURIAM.
The action before the trial court was the petition of Lauri F. Parker to remove Steven J. Shullman as the personal representative of her mother's (Barbara Katz Silberman) estate and as trustee of her mother and stepfather's trust. The trial court conducted a hearing which consisted of nine days of trial in which the petitioner and respondent each called approximately nine witnesses and introduced a combined total of one hundred twenty three documents. The trial court denied Lauri F. Parker's petition to remove Steven J. Shullman as personal representative of her mother's estate and as trustee of her mother and stepfather's trust. We affirm.
The trial court in entering its final judgment on the removal of the personal representative and trustee went to great lengths to detail the acrimonious relationship that *961 exists between Parker and Shullman. Furthermore, the trial court found that certain actions taken by Shullman were questionable and vindictive. The trial court's reasoning can best be summed up quoting from paragraph 11 of the final judgment:
The decision before the court has to be whether the accumulation of "vindictive" decisions, or questionable decisions, or indecision, or deliberately made decisions, made by Steven Shullman as either personal representative or trustee, add up to sufficient evidence for this court to remove him as the trustee of the trusts and as the personal representative. The court finds they do not. The problem that Lauri Parker has is that her mother simply did not trust her to make intelligent financial decisions, that she implicitly trusted Steven Shullman to make intelligent financial decisions on behalf of her daughter and her granddaughter, and this court has to follow the dictates of the grantor of the trust and the testator of the Will because she was obviously of sound mind when she made the decision to put Steven Shullman completely in control.
This court also views some of the actions taken by Shullman to be somewhat questionable and vindictive; however, we concur that these actions do not rise to the level to override the decision made by Barbara Katz Silberman as grantor of the trust and as testator of the will. We conclude that the trial court did not abuse its discretion in denying the petition to remove Shullman.
AFFIRMED.
STONE, GROSS and HAZOURI, JJ., concur.