877 So.2d 54 (2004)
Judith O'Hara VETRICK, Appellant,
v.
Jeffrey KEATING, Personal Representative of the Estate of Marjorie J. O'Hara, et al., Appellees.
No. 4D02-4486.
District Court of Appeal of Florida, Fourth District.
June 9, 2004.
David M. Garten, West Palm Beach, and Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, for appellant.
Kerry A. Greenwald of Kerry A. Greenwald & Associates, P.A., Boca Raton, for appellee Jeffrey Keating.
POLEN, J.
This appeal arises from a final order granting summary judgment in a matter that consolidated three complex probate and trust matters below. Initially there was an action seeking construction of Marjorie O'Hara's will, an action to terminate a testamentary trust, and an action for the construction of Vincent O'Hara's trust. All three matters were consolidated. The trial court ultimately concluded that Marjorie O'Hara's will exceeded a power of appointment. As a remedy, the trial court severed a portion of the disposition and enforced the remaining provisions. This remedy is the subject of this appeal. For the reasons explained below we affirm the order of the trial court.
*55 Marjorie and Vincent O'Hara were married for many years. They had eight children and fourteen grandchildren. In 1992, Vincent created a revocable trust. In the trust, Vincent listed his eight children by name and specified that all references to "my children" in the trust document referred to the named children and no one else. Also within the trust, Vincent gave Marjorie a power of appointment. The power of appointment provided as follows: "My Spouse, Marjorie, shall have the limited power to appoint to my children, all or any part of the trust at the time of my spouse's death in a valid Will making specific reference to the power of appointment herein conferred upon my spouse."
Vincent died in 1995. Marjorie died in 2000. Jeffrey Keating, the trustee and personal representative, filed a petition for the administration of Marjorie's will. In the will, Marjorie exercised her power of appointment as follows:
Upon my death, the remaining net trust assets of said Family Trust shall be divided into separate shares, per stirpes, with respect to my husband's then living descendants. Such shares shall be administered as follows:
A. The share held for SUSAN, TIMOTHY, MICHAEL, KEVIN, and BRIAN or their then-living descendants per stirpes, shall be distributed outright, free of trust.
B. The share held for JUDITH shall be held in further trust and administered by the trustees hereinafter named as follows:
The trustees shall distribute to JUDITH all of the net income therefrom at least quarterly. In addition, the trustees may distribute all or any part of the trust principal to or for the benefit of JUDITH and her descendants as the trustee considers advisable for her or their health, education, maintenance and support, with no duty to equalize such payments among eligible beneficiaries. Any undistributed income shall be added to the principal.
Any trust principal remaining at JUDITH's death shall be distributed outright, free of trust, to her then living descendants, per stirpes, or if none to my then living descendant per stirpes; provided, however, that any property thereby distributable to a person who is the income beneficiary or an eligible income beneficiary of a trust under this Agreement shall instead be added to the principal of such trust.
I appoint my financial advisor, JEFFREY KEATING, and my daughter JUDITH as co-trustees of this trust. If JEFFREY is unable to serve for any reason, he shall have the power to appoint a disinterested trustee to serve in his place, or if he does not do so, my brother-in-law, TIMOTHY D. O'Hara of Chicago Illinois shall appoint a disinterested trustee. It is my express intent that at no time shall JUDITH serve as sole trustee of this trust.
Judith O'Hara Vetrick, one of the O'Hara children, filed a complaint challenging the validity of the testamentary trust on the basis that it failed to comply with the power of appointment created in the Vincent Trust. More specifically, Judith argued that by giving a remainder interest to her children, the testamentary trust failed to comply with the Vincent Trust and the power of appointment therein.
Judith argued that Marjorie did not comply with the power of appointment when she appointed successor donees to administer Judith's share and improperly broadened the class of beneficiaries by giving remainder shares to her children. The trial court concluded that Marjorie had improperly expanded the group of beneficiaries. *56 The trial court found that Marjorie's creation of a trust for the benefit of Judith was proper, but that she exceeded the power of appointment by including Judith's children as beneficiaries. The trial court also determined that the inclusion of Judith's children was not an essential factor in Marjorie's scheme of disposition and could easily be severed and the scheme of disposition would best be maintained by severing the interests that were given to Judith's children. The trial court ordered that the appointment to Judith's children be severed and any remaining interest upon Judith's death, revert back to the Vincent Trust. Judith raises four arguments in this appeal. We are unpersuaded by any of them.
Judith first contends Marjorie's delegation of power over her trust to Keating was not a proper exercise of Marjorie's rights under the power of appointment. Rather Judith contends the assets should have been distributed to her outright not through a trust. Judith contends the power of appointment was specifically given to Marjorie. As such, according to Judith, Marjorie was the only person authorized to exercise the power, not a subsequent trustee. We disagree. "A summary judgment based on a review of documents, such as in this case, is reviewable by an appellate court de novo." Rollins v. Alvarez, 792 So.2d 695 (Fla. 5th DCA 2001) (review of summary judgment order based on trust documents).
Under the language of the power of appointment, there is nothing prohibiting Marjorie from giving a child assets from the Vincent trust via a new trust.
Judith also contends the trial court erred in concluding that Marjorie's intent could best be satisfied by giving effect to the Judith trust and severing the portion of the trust directed at Judith's children. Again, we disagree.
Section 23.1 of the Restatement (Second) of Properties, and the applicable comments, provide as follows:
If one part of an appointment is ineffective and another part, if standing alone, would be effective, the effective part is given effect, except to the extent the donee's scheme of disposition is more closely approximated by allowing some or all of the effective part to pass in default of appointment.
Comment:
a. Rationale. Whenever part of a dispositive scheme fails, there always arises the question whether that part is so essential to the whole that its failure causes the failure of some or all of the remaining parts, of themselves effective. The answer to this question depends upon whether the general dispositive scheme disclosed in the instrument is more nearly approximated by treating as effective some or all of the remaining parts or by allowing some or all of the remaining parts to pass to those persons who would receive it if no disposition had been attempted; for it is assumed that the person making the disposition desires that some or all of the remaining parts stand only if thereby the purposes of the original disposition are advanced.
This general rule is applicable in cases where the donee of a power has made an appointment which is partially ineffective. The ineffective part will necessarily pass in default of appointment. If the general scheme of appointment shown in the donee's instrument would be better carried out by allowing some or all of the effective part of the appointment also to pass in default of appointment, some or all of the effective part of the appointment will pass in default of appointment.
...

*57 d. Ascertaining the general scheme of the donee. The normal evidentiary rules apply in ascertaining the general scheme of the donee. This means that the entire language of the instrument of appointment must be considered along with the circumstances existing at the time the instrument of appointment was executed. The fact that the instrument of appointment describes the takers in default as taking "in default of appointment" or as taking "to the extent the appointive assets are not effectively appointed" is of no evidentiary value in ascertaining whether the general scheme of the donee is more clearly approximated by defeating all or some part of an otherwise effective appointment.
Restatement (Second) of Property § 23.1 cmt. a, d (1986).
The trial court properly relied on the above cited portions of the Restatement in reaching its conclusion.
Judith contends the trial court incorrectly determined how Marjorie and Vincent's intent could be best satisfied. Judith contended, at the trial court and in this appeal, that the scheme of disposition would be most satisfied if the entire power of appointment were to pass through the default provision of the Vincent trust.
The court concluded that Marjorie's general scheme of disposition, by giving assets in trust assets to three of the eight children, clearly intended to protect three of her children with the creation of protective trusts. This conclusion is supported by the record. On this basis, the court sought to protect Marjorie's intentions and solve the problem of the overextension of beneficiaries in the least disruptive way possible. This was clearly the appropriate analysis under the restatement.
The Restatement summarized, inter alia, Old Colony Trust Co. v. Richardson, 297 Mass. 147, 7 N.E.2d 432 (1937) as an example of a case where a partially invalid appointment was severed so that only the invalid portion failed and the rest was given full effect.
In Old Colony Trust Co. v. Richardson, 297 Mass. 147, 7 N.E.2d 432 (1937), the donor had given his wife a power of appointment over his estate, with the stipulation that she must appoint at least half the property in fee simple absolute to their adopted daughter Josephine. In default of appointment, Josephine was to receive all the property. Under this power, the wife appointed in trust, directing that the income be divided equally between Josephine and a granddaughter. While the appointment to the granddaughter was effective, the appointment to Josephine fell short of the fee simple absolute stipulated by the donor. As a result, Josephine claimed that the entire estate should pass to her in default. The court denied this request, noting that "the valid and invalid elements of the exercise of the power are not so interwoven that they cannot properly be separated." Id. at 152, 7 N.E.2d at 435. As the donee intended for the granddaughter to receive half the property in trust, her intentions could be closely approximated by maintaining this appointment, and by allowing only half the property, comprising the ineffective part of the donee's appointment, to pass to Josephine in default.
Restatement (Second) of Property § 23.1, reporters note (1986).
In the case at bar, the trial court found that the portion of the disposition that gave trust assets to Judith's children was easily divisible from the portion of the disposition creating a trust for the benefit of Judith. The situation in the case at bar is akin to Richardson in that the apparent *58 goal of the parties can be achieved by invalidating that portion of the trust that passed to Judith's children.
Further, it seems apparent that in severing the provisions, as the trial court did, the underlying goal of the Vincent trust and the power of appointment are realized. The assets would be divided among the eight children.
Judith also contends the trial court erred in holding that any remaining assets in the Judith trust at the time of Judith's death shall pass through the Vincent trust and be divided among the eight children. Her position is that if funds remain in the Judith trust at the time of her death and pass through the Vincent Trust her children would not take their equal share.
"In construing the provisions of a trust, the cardinal rule is to try to give effect to the grantor's intent, if possible." Pounds v. Pounds, 703 So.2d 487 (Fla. 5th DCA 1997). It is Judith's position that the intent of Marjorie and Vincent was to direct a per stirpes distribution of the trust assets to all eight children. However, under the solution the trial court created if there are trust assets left in the Judith trust they would be divided among all eight children, rather than pass directly to Judith's children.
While a per stirpes distribution is arguably one of the goals of Vincent and Marjorie, as evidenced in the various documents, the record makes clear that Marjorie and Vincent had other intentions as well. Most persuasively, it is clear that Marjorie intended some protections for the three children for whom she left assets in trust. Certainly Marjorie's decision to leave three of the children's assets in trust, rather than give them outright distributions, indicated she had the intent to protect those trust assets in some way. In addition, as the trial court noted, it is evident that Judith is motivated to propose options that result in her receiving her distribution free of trust. We find it most compelling that the Vincent trust clearly prioritized that the assets go to his children and nobody else. Likewise, the children, rather than the grandchildren, were the focus of the disposition in Marjorie's will. As a result, although faced with a daunting task, the trial court appropriately focused on the assets being divided among the children when it ordered that any remaining trust assets in the Judith trust pass through the Vincent trust.
In sum, we agree that the remedy selected by the trial court was the least disruptive and the most effective way to give effect to the grantor's intent. As a result, we affirm that order.
Judith's final argument is that the trial court improperly made factual findings in the final order in the absence of an evidentiary hearing. The record, and the final order in particular, make clear that the conclusions reached by the trial court, now challenged on appeal, would not be affected in the absence of these factual findings. As a result, this argument has no bearing on the issues resolved in this opinion, or the order of the trial court. We affirm the order of the trial court in all respects.
AFFIRMED.
SHAHOOD and MAY, JJ., concur.