906 So.2d 1236 (2005)
Lauri F. PARKER, Appellant,
v.
Steven J. SHULLMAN, Appellee.
No. 4D04-1337.
District Court of Appeal of Florida, Fourth District.
July 27, 2005.
*1237 William Jay Palmer of Shutts & Bowen, LLP., Miami, for appellant.
Norman A. Fleisher and Peter J. Forman of Tescher, Gutter, Chaves, Josepher, Rubin, Ruffin & Forman, P.A., Boca Raton, for appellee.
FARMER, J.
The beneficiary of two trusts filed a claim against the trustee of the trusts, objecting to the compensation he had paid himself as CEO for running a retail company whose stock was owned in the name of the trusts.[1] The trial court dismissed the claim with prejudice. We affirm.
The trustee had acted as the settlor's accountant for 22 years before her death. The settlor also named the trustee as the personal representative of her estate. Upon her death, the trustee elected himself as president of the company, while his accounting firm was retained by the company as its client.
"In construing the provisions of a trust, the cardinal rule is to try to give effect to the grantor's intent, if possible." Vetrick v. Keating, 877 So.2d 54, 58 (Fla. 4th DCA 2004) (quoting Pounds v. Pounds, 703 So.2d 487, 488 (Fla. 5th DCA 1997)). Here, the decedent gave very broad, if not unlimited, power to the trustee. The trust instrument specified that the trustee could:
"operate any business, with full power to do anything necessary or appropriate with respect to the business, including, but not limited to, the power to incorporate or liquidate the business or to change the purpose, form, organization of the business, to participate directly in the management of it, or render services to it, and receive reasonable compensation . . . ."
In this case, the trust language empowers the trustee to elect anyone, including himself, to run the company. The text of the trust plainly authorizes the trustee's simultaneous participation in the company and in the management of the trusts. The settlor intended to allow the trustee to run the company or to elect a qualified individual to do so. The settlor authorized the trustee to make that decision to ensure that the company was operated competently for the benefit of the trust, and ultimately the beneficiaries.
*1238 The beneficiary contends that when the trustee used his fiduciary position to elect himself president and a director of the company, he subjected his corporate compensation to review under the rules governing the administration of trusts. She argues that this corporate compensation is governed by fiduciary standards and not by corporate standards. We do not agree with her that the company has thereby become the alter-ego of the trusts. See Wallace v. Julier, 147 Fla. 420, 3 So.2d 711, 715 (1941) (holding where the will "directed and approved the creation of an estate corporation as a vehicle to handle the testatrix' estate and authorized the conversion of property of the estate into that corporation . . . [s]uch corporation thereupon became the alter ego of the trustees and as such the propriety of its acts must be determined in the light of the will and must be controlled by the provisions of the will of the decedent").
The trust powers explicitly gave the trustee the powers to do what he has done. The trustee is entitled to reasonable compensation from the trusts for his services as trustee, and he is also entitled to reasonable compensation from the company for his services as CEO. As a beneficial shareholder of the company, the beneficiary may perhaps seek to hold the CEO accountable by bringing a shareholder's derivative suit to show that his corporate compensation is unreasonable under principles of corporate law. She may not use the fiduciary standards of trust administration to seek review of such compensation by the court having such powers over the administration of the trust.
Affirmed.
SHAHOOD and TAYLOR, JJ., concur.
NOTES
[1] Previously, the beneficiary had instituted an action to remove the fiduciary as personal representative of her mother's estate and as trustee, which the trial court denied and this Court affirmed, remanding the issue of Shullman's attorney's fees. See Parker v. Shullman, 843 So.2d 960, 960 (Fla. 4th DCA 2003). Later, he petitioned the trial court for his fees and costs, to which the beneficiary filed the pending counterclaims.