LEVINE, J.
Appellant, Gail Levin, challenges the will and trust executed on May 22, 2008, by the decedent, Shirley Sunshine Levin. Appellant challenges the execution on several grounds, but we find only one issue is of merit. We affirm the finding of the trial court in determining that there was no presumption of undue influence in the execution of the will and trust. We also find that the trial court did not err by denying appellant’s motion for continuance and by excluding the testimony of her expert witness. We reverse only for the trial court to determine from the record, or after an evidentiary hearing, whether the decedent suffered from an “insane delusion” at the time of the execution of the will and trust.
In 1987, the decedent executed a will in which she divided her estate equally between both of her children, appellant Gail and appellee William Levin. The mother then executed a new will and trust on May 22, 2008. In this new will, William was appointed personal representative and named as trustee of the trust. When William’s children, appellees Jessica and Benjamin Levin, each reached thirty years of *1118 age, they would receive $100,000 and $50,000, respectively. William, as trustee, was given the discretion to use the monies to pay for their education, among other things. Gail was to receive $350,000 from the trust. William received the remainder of the assets in the will and trust.
The mother died on August 16, 2008, and the May 22, 2008, will was admitted to probate. There was evidence that the estate was valued in excess of $3 million at the time of the mother’s death. Gail filed an objection to the Petition for Administration and Counter Petition for Administration. After a trial, the trial court determined that William did not exert undue influence over the will and trust and that the mother had testamentary capacity. From the trial court’s judgment, this timely appeal ensues.
Before the trial, Gail filed a motion for continuance on July 27, 2009, based on a letter from her doctor stating that she was scheduled for surgery on July 30, 2009. In April, the court set this case for trial to commence on August 6, 2009. Gail also requested a continuance due to the fact that she did not receive the medical records from Dr. Davis, a psychiatrist who evaluated the mother, until the eve of trial. The motion to continue the trial was denied. The trial court arranged for Gail to attend the trial by telephone.
We review the denial of a motion for continuance under the standard of abuse of discretion. A.P.D. Holdings, Inc. v. Reidel, 865 So.2d 682, 683 (Fla. 4th DCA 2004). We cannot say that the trial court abused its discretion by denying the motion for continuance where the request was made days before a trial which had been set several months in advance. Further, the trial court observed that Gail offered no evidence to clarify whether the surgery performed on the eve of trial was elective or whether the surgery was medically required to be done on July 30. Finally, Gail was able to testify and participate in the trial by telephone, despite not being able to travel to the courtroom in person. Gail, in fact, received the records from Dr. Davis before trial and had the benefit of the records at trial.
During trial, Gail wanted to introduce the testimony of an expert witness, an experienced practitioner in estate law. His testimony would have concerned whether the mother was signing something that she did not want to sign. We find that the trial court did not abuse its discretion by refusing to permit this witness to testify what is required by the law in the execution of a will. See Doctors Co. v. Dep’t of Ins., 940 So.2d 466, 469 (Fla. 1st DCA 2006) (“[T]he well established standard of review [is] that acceptance or rejection of expert testimony is a matter within the sound discretion of the lower tribunal, and such decision will not be overturned on appeal absent a showing of abuse of discretion.”) (citation and quotation omitted).
As to the issue of undue influence, Gail, as the individual contesting the will, “had the burden of proving the undue influence alleged.” In re Estate of Carpenter, 253 So.2d 697, 701 (Fla.1971). “When a will is challenged on the grounds of undue influence, the influence must amount to over persuasion, duress, force, coercion, or artful or fraudulent contrivances to such an extent that there is a destruction of free agency and willpower of the testator.” Raimi v. Furlong, 702 So.2d 1273, 1287 (Fla. 3d DCA 1997). In order to raise the presumption of undue influence, Gail must show that William (1) was a substantial beneficiary (2) who occupied a confidential relationship and (3) was active in procuring the will and trust. Ca'rpenter, 253 So.2d at 701.
*1119 The trial court found that William conceded to these first two factors and that “[t]he controversy concerning the claim of undue influence centered on whether or not [William] was active in procuring the will and trust.” The trial court, in weighing the various factors outlined in Carpenter, found that the evidence was “overwhelming that [William] did not use undue influence to procure the May 8, will and trust.” We find that the trial court did not abuse its discretion in determining that the facts did not show active procurement. See id. (“[T]he trier of fact is vested with discretion to determine whether or not the facts show active pro-curement_”). We also find that Gail failed to carry her burden of showing a lack of testamentary capacity and that substantial competent evidence supports the trial court’s finding that the mother had the testamentary capacity to execute the will and trust. See Hendershaw v. Estate of Hendershaw, 763 So.2d 482, 483 (Fla. 4th DCA 2000) (“The probate court’s findings in a will contest shall not be overturned where there is substantial competent evidence to support those findings, unless the probate judge has misapprehended the evidence as a whole.”).
Finally, Gail claims that the will and trust were based upon an “insane delusion.” The law states that “[w]here there is an insane delusion in regard to one who is the object of the testator’s bounty, which causes him to make a will he would not have made but for that delusion, the will cannot be sustained.” Miami Rescue Mission, Inc. v. Roberts, 943 So.2d 274, 276 (Fla. 3d DCA 2006) (quoting Newman v. Smith, 77 Fla. 633, 82 So. 236, 236 (1919)). “An insane delusion is a ‘spontaneous conception and acceptance as a fact, of that which has no real existence adhered to against all evidence and reason.’ ” McCabe v. Hanley, 886 So.2d 1053, 1055 (Fla. 4th DCA 2004) (citation omitted).
In the present case, the mother persisted in the belief that Gail had visited her only once in about ten years. The mother told William and the attorney who prepared the will and trust that she had not seen Gail anywhere from ten to eleven years ago.[1] The mother sent Gail an email complaining that Gail had been to see her only once in eleven years. Gail replied and disputed in detail the mother’s contention.
In the record, there was evidence that the mother and Gail had seen each other multiple times within the seven-year period preceding the execution of the testamentary documents.[2] The trial court did not address the evidence of visitations between the mother and Gail or that the evidence appeared to contradict the many assertions by the mother that Gail had not visited her in seven to eleven years. Thus, the trial court never decided whether this contradiction in evidence rose to the level of “insane delusion” and whether this incorrect statement repeated by the mother was linked to reducing the bequest to Gail from the 1987 will to the amount given to her in the disputed will and trust. We therefore reverse on this issue for the trial court to make findings on this issue either after reviewing the record or, in its discretion, after an evidentiary hearing.[3]
*1120 In summary, we reverse and remand with directions for the trial court to decide whether the mother suffered from an insane delusion at the time she executed the will and trust that caused her to make a will that she “would not have made but for that delusion.” We affirm on all other grounds.

Affirmed in part, reversed in part, and remanded.

WARNER and TAYLOR, JJ„ concur.

. In the taped execution of the will and trust documents, the mother again repeated to the attorney that she had not “seen my daughter but one time in seven years."

. The record denotes that Gail and her mother saw each other in February 2001, August 2002, January 2003, September 2003, January 2004, January 2005, and March 2007.

.We note that an evidentiary hearing would allow Gail another opportunity to attend in person, as opposed to by telephone.