POLEN, J.
Appellant, Donald Jervis, beneficiary of Bernice J. Meikle’s trust and limited guardian to Meikle, timely appeals the trial court’s order granting summary judgment and determining that Meikle’s second amendment of her trust was invalid, where testamentary capacity was at issue. The court stayed within the four corners of the trust and determined that no genuine issues of material fact existed as to whether Meikle lacked the requisite capacity. We agree and affirm the trial court’s order.
Bernice J. Meikle executed a trust agreement in 1991. Meikle designated herself as the trustee and named her three siblings, including Jervis, and her sister-in-law as beneficiaries. Meikle later executed her will, identifying her closest living relatives as her brothers, sister, stepdaughter, and step-grandchildren. When Meikle executed her will, she executed the first amendment to her revocable trust agreement (“first amendment”). The first amendment granted cash gifts of $5,000 to each of Meikle’s three siblings and distributed the remainder of Meikle’s assets between her stepdaughter and step-grandchildren.
Years later, while Meikle was staying at a facility to rehabilitate from an injury, she began a friendly relationship with an on-site security guard. Meikle’s family and attorney believed that the guard was “disturbing her life and had been taking money from her.” The family determined that the guard was not a positive influence on Meikle, that she could not protect herself, and that the court needed to be involved. As a result, Jervis filed a petition to determine whether Meikle lacked capacity to handle her affairs. Jervis also sought limited guardianship. On October 30, 2000, the court entered an order determining incapacity as to Meikle and appointed Jer-vis as limited guardian of Meikle’s person and property. However, on December 27, 2001, without the presence or knowledge of Jervis, Meikle attempted to execute a second amendment to her revocable trust agreement (“second amendment”). In the *128 second amendment, Meikle sought to reallocate the distribution of her assets.
After Meikle’s 2007 death, Joan M. Tucker, Larry Thomas Tucker, Susan Joan Burrell, and Sandra Lynn Gigler (collectively “appellees”) filed a complaint against Jervis as trustee of the Bernice J. Meikle Trust of 1991, as amended on October 27, 1997 and December 27, 2001, followed by first and second amended complaints; the finished product of which contained ten counts. The subject of the lawsuit was the second amendment to the trust — an amendment which changed the amounts each beneficiary was entitled to — for which Meikle never obtained approval from the court to execute. Appel-lees later filed a motion for summary judgment as to counts IV, IX and/or X of the second amended complaint. The trial court granted summary judgment as to count IV, which alleged that the second amendment was “void and of no legal effect.” This appeal followed.[1]
Orders granting summary judgment are reviewed using the de novo standard of review. Coleman v. Grandma’s Place, Inc., 63 So.3d 929, 932 (Fla. 4th DCA 2011). “The movant carries the burden of showing that no genuine issue of material fact exists, making summary judgment appropriate.” Id. If the evidence shows that an issue of material fact exists such that different reasonable inferences can be drawn, the issue should go to the jury as the finder of fact. Id.
Jervis argues that, contrary to the trial court’s findings, the record evidence and opinions of treating physicians prove that Meikle had the requisite capacity to execute testamentary documents. Appellees assert that Meikle’s capacity at the time of the amendment was irrelevant because once she was declared incapacitated by the court, her capacity was not restored by court order prior to the amendment. This court held in Hendershaw v. Estate of Hendershaw, 763 So.2d 482 (Fla. 4th DCA 2000), that if the testator was competent at the time the will was executed, it can be properly admitted to probate. Id. at 484. “Testamentary capacity is determined only by the testator’s mental capacity at the time he executed his will.”[2] Id. at 483. Here, Meikle’s treating physician, Dr. George Button, determined that she possessed the requisite capacity to execute testamentary documents. Dr. Strang, a licensed nursing home health care administrator with a certificate in geriatric case management with many years of medical schooling, testified that he examined Meikle and found that she did not lack testamentary capacity. However, the trial court disagreed, finding that Meikle was incapacitated at the time of the second amendment, and ordered summary judgment in favor of appellees, rendering the second amendment to the trust null and void.
“ ‘In construing the provisions of a trust, the cardinal rule is to try to give effect to the grantor’s intent, if possible/ ” Vetrick v. Keating, 877 So.2d 54, 58 (Fla. 4th DCA 2004). And “[w]here the terms of an agreement ... are unambiguous, its meaning and the intent of the maker are *129 discerned solely from the face of the document, as the language used and its plan [sic] meaning controls.” In re Estate of Barry, 689 So.2d 1186, 1187-88 (Fla. 4th DCA 1997). Here, the first amendment to Meikle’s trust contains language which provides for the suspension of rights “[i]f, at any time during the continuance of [the] trust, Grantor is adjudicated incapacitated by a court of appropriate jurisdiction.”
The Grantor’s powers and those of Grantor/Trustee may be restored either by virtue of an order of an appropriate court having jurisdiction over Grantor, or upon the issuance and receipt by the Trustee of a written opinion from the physician or physicians on whose opinion the Trustee relied regarding the Grant- or’s capacity or if none are available, then two other licensed physicians who have examined the Grantor.
The plain meaning of the document shows that Meikle’s capacity must have been restored by the court in order to amend her trust once she was adjudicated incapacitated and the right to control her property was removed and the responsibility of her property became Jervis’, as her trustee. Without a court order restoring her rights, she must have obtained two opinions by licensed physicians. The court restored several of Meikle’s rights, but one which was not restored was that regarding property; therefore, Meikle needed to get two licensed physicians’ opinions to regain the power to handle her property. Dr. Button, a licensed physician who had met with Meikle many times, opined that she possessed capacity to amend the trust; however, Dr. Strang, a nursing home administrator with expert experience and medical schooling — but without a physician’s license — submitted the other opinion. This is contrary to what was unambiguously required.
Jervis relies on Chapman v. Campbell, 119 So.2d 61 (Fla. 2d DCA 1960), to support his position that because Meikle had testamentary capacity at the time she originally executed the trust, any past or future incapacities were immaterial. Id. at 64. Therefore, Jervis contends, the second amendment was valid. However, Chapman is not controlling in this case because, as this court discussed in In re Estate of Barry, unambiguous terms shall be interpreted to give meaning to the plain language, as intended by the grantor. The first amendment to the trust, a valid amendment made before the determination that Meikle was incapacitated, expressly stated that certain things had to occur in order to restore capacity in the event the court declared Meikle incapacitated. Because the proper proof to restore capacity to amend was not presented by Meikle, she did not have the power to amend her trust at the time she did. Accordingly, no genuine issue of material fact exists, as it is clear that Meikle’s power to control her property was never restored. The second amendment to her trust was improper because she lacked testamentary capacity at the time of the amendment.
Therefore, we affirm the trial court’s order granting summary judgment in favor of appellees as to count IV of their second amended complaint where the court stayed within the four corners of the trust and found that Jervis was unable to support his argument that Meikle had the requisite testamentary capacity to amend her trust a second time.
Jervis also moves for attorney’s fees pursuant to sections 736.1005, 736.1007, and 736.0816, Florida Statutes, and Florida Rule of Appellate Procedure 9.400. Of particular importance to this case, section 736.1005 provides that “[a]ny attorney who has rendered services to a trust may be awarded reasonable compensation from *130 the trust.” § 736.1005(1), Fla. Stat. (2011). Section 736.1007 states that “[i]f the trustee of a revocable trust retains an attorney to render legal services in connection with the initial administration of the trust, the attorney is entitled to reasonable compensation for those legal services.” § 736.1007(1), Fla. Stat. (2011). The trial court oversees matters regarding attorneys’ fees and makes assessments as to such awards. We hold that if the trial court finds that counsel for appellant bene-fitted the trust, not just his client, through his representation, Jervis is entitled to attorneys’ fees, pursuant to Florida Statutes.

Affirmed.

STEVENSON and TAYLOR, JJ„ concur.

. Appellees filed a cross-appeal of this matter. Appellant filed a motion to dismiss the cross-appeal on March 3, 2011 on the grounds that "an Order denying a motion for summary judgment is not an appealable non-final Order pursuant to 9.130." The court granted the motion to dismiss the cross-appeal, leaving the only appealable issue as the granting of summary judgment as to count IV of the second amended complaint filed by appellees.

. Testamentary capacity is measured the same for both wills and trusts. See Levin v. Levin, 60 So.3d 1116, 1118-19 (Fla. 4th DCA 2011).