SCHWARTZ, Senior Judge
(specially concurring).
The trial court ruled that Howard Lucas, the trustee of the Bennett M. Lifter Amended and Restated Revocable Trust and the president and sole director of Bennett M. Lifter, Inc., may not proceed on behalf of either entity in either capacity from making “sweetheart” three percent loans of up to a million dollars each to the uncreditworthy appellants who are both beneficiaries of the trust and shareholders in the corporation. The merits of this conclusion, which are virtually self-evident, were not seriously challenged before us. Relying on Gettinger v. Gettinger, 165 So.2d 757 (Fla.1964), and like cases, the appellants argue, however, that the “probate court” had no authority over the corporation, and that a new and different proceeding in a “non-probate court” must be initiated and prosecuted to achieve the same result. Since I agree that adopting this position would represent judicial wheel-spinning at its finest, I concur in its rejection.
The basis for my vote is that the judge of the circuit court who made the decision on review had complete jurisdiction over both aspects of the existing litigation and that it does not matter in which division of the court he happened to find himself. As this Court has stated:
[Ejvery judge of the circuit court possesses the full jurisdiction of that court in his of her circuit and that the various divisions of that court operate in multi-judge circuits for the convenience of the litigants and for the efficiency of the administration of the circuits’ judicial business.
Maugeri v. Plourde, 396 So.2d 1215, 1217 (Fla. 3d DCA 1981); see Baudanza v. Baudanza, 78 So.3d 656 (Fla. 4th DCA 2012). In other words, there is no such thing as “a” or “the” Florida Probate Court with the limited jurisdiction the appellants argue is fatal to the order on review. The decisions which represent this position are based on Gettinger. But that case was decided in 1964, when there was a “probate court” in Florida, the County Judges’ Court. While it is understandable in view of the well-known judicial tendency to cling resolutely to the past, Parker v. Shullman, 906 So.2d 1236 (Fla. 4th DCA 2005), review denied, 915 So.2d 1196 (Fla.2005), for example, overlooked that, as recently as 1973, the County Judges’ Court was abolished and its jurisdiction transferred to the circuit court. See Art. V, § 20(c)(3), Fla. Const. (Rev. 1972). I believe that this fact renders Gettinger obsolete and more modern authority which follows it incorrect.