364 So.2d 98 (1978)
In the Interest of Wendy Dee PETERSON, a Child.
No. 78-308.
District Court of Appeal of Florida, Fourth District.
November 15, 1978.
C. Lavon Ward, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and John C. Cecilian, Asst. Atty. Gen., West Palm Beach, for appellee.
DAUKSCH, Judge.
This opinion revisits the matter we had before us In re Adoption of Wendy Dee Peterson, 344 So.2d 638 (Fla. 4th DCA 1977). The grandparents mentioned in that *99 opinion have now suggested the child is a dependent child within the meaning of Section 39.01, Florida Statutes (1977) and seek to have the juvenile division of the circuit court declare her to be such a dependent child. When the petition was brought before the judge of the juvenile division of the circuit court he granted a motion to dismiss the petition. The order did not state a reason but the motion was grounded upon lack of jurisdiction and res judicata. The motion, which was filed by the natural father, said because another circuit judge of the same circuit, Jose A. Gonzalez, Jr., had entered an order in regard to the custody of the child and retained jurisdiction of the matter that this circuit judge had no jurisdiction to hear and determine the matter of the child's dependency.
The circuit court has jurisdiction over all matters concerning the custody and welfare of children. All circuit court judges have the same jurisdiction within their respective circuits. A judge in the probate division or the juvenile division or the civil division or the criminal division has the authority and jurisdiction to hear cases involving child custody or dependency. The internal operation of the court system and the assignment of judges to various divisions does not limit a particular judge's jurisdiction. Therefore the judge was in error when he dismissed the petition for lack of jurisdiction.[1] See also, State ex rel. Hendricks v. Hunt, 70 So.2d 301 (Fla. 1954).
When Judge Gonzalez, on July 2, 1974, determined the proper custody of the child and retained jurisdiction to enter other orders for the welfare of the child he later found it necessary to change custody to the natural father on June 1, 1976 by way of Final Judgment. It is noted he did not retain jurisdiction to himself in that final judgment but, as stated earlier, the circuit court always has jurisdiction over the welfare and custody of children.
Because Judge Gonzalez is much more acquainted with the parties involved and because we are not here to try to control the inner workings and case management of the trial courts we deem it best and proper to reverse the order dismissing the petition and remand this matter to the trial court. However, hearing on the petition for dependency is stayed until a proper petition for change of custody is filed and heard.
REVERSED and REMANDED.
DOWNEY, C.J., and ANSTEAD, J., concur.
NOTES
[1] Of course when a judge acts in the juvenile division he acts under certain rules and statutes peculiar to that area of the law and a "juvenile judge" may have exclusive jurisdiction within the limited areas governing juveniles. State v. Robinson, 336 So.2d 437 (Fla.2d DCA 1976). That judge can act in the person of any judge of the circuit.