373 So.2d 405 (1979)
Mary E. POLING, Formerly Known As Mary E. Tresidder, Appellant,
v.
Herbert R. TRESIDDER, Appellee.
No. 77-1170.
District Court of Appeal of Florida, Fourth District.
July 25, 1979.
*406 William G. Norwich of Gralla & Norwich, Cocoa Beach, for appellant.
Frank R. Pound, Jr. of Lovering, Pound & Lober, Rockledge, for appellee.
MOORE, Judge.
The parties to this interlocutory appeal were divorced in 1973. Pursuant to a property settlement agreement which was incorporated into the final judgment dissolving the marriage, the appellee, husband, was given exclusive possession of the marital residence for as long as he lived therein. Upon sale of the residence, the agreement provided for the parties to share equally the net gain from such sale.
In 1975 the residence was sold by mutual agreement of the parties and the net proceeds were equally divided between them. Claiming he had expended $2,243.54 on improvements for an increase in fair market value of $3,000.00, the appellee filed a petition for enforcement of the final judgment, seeking credit for his improvement expenditures. After a motion to dismiss was denied, issue was joined and the matter was tried on stipulated facts. The final judgment now under review awarded appellee $1,500.00. We reverse.
The original final judgment of dissolution of marriage did not retain jurisdiction in the trial court. Absent such retention of jurisdiction, the trial court was without authority to entertain the "Petition for Enforcement" which was not for enforcement but rather seeking to have the court determine an interest in a tenancy in common. See Church v. Church, 338 So.2d 544 (Fla. 3rd DCA 1976); Frumkes v. Frumkes, 328 So.2d 34 (Fla. 3rd DCA 1976); McEachin v. McEachin, 154 So.2d 894 (Fla. 1st DCA 1963). We reject appellee's contention that he was simply asking the court to exercise its jurisdiction in determining the manner of enforcing its final judgment.
The property rights of the parties were determined by the final judgment of dissolution of marriage without retention of jurisdiction. Whatever subsequently transpired to affect those rights could not breathe new jurisdictional life into that final judgment. See Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (1948).
The trial court erred in denying the motion to dismiss. Deciding as we do, we find it unnecessary to discuss the second point on appeal dealing with the rights of cotenants.
The final judgment is reversed and this cause remanded for entry of an order granting appellant's motion to dismiss.
REVERSED AND REMANDED.
ANSTEAD and LETTS, JJ., concur.