396 So.2d 1215 (1981)
Rose Etta MAUGERI, As Personal Representative of the Decedent, Thomas James Maugeri, Jr.; the Estate of Said Thomas James Maugeri, Jr., Deceased; Rose Etta Maugeri, As Surviving Spouse of Said Thomas James Maugeri, Jr. and Thomas Maugeri, III and Melinda Marie Maugeri, Both Minors, by and through Their Next Friend, Rose Etta Maugeri, Appellants.
v.
John PLOURDE, Darlene Shipman and Allstate Insurance Company, Appellees.
No. 80-1586.
District Court of Appeal of Florida, Third District.
April 21, 1981.
Schwartz, Klein & Steinhardt and Jay S. Weiss, Miami, for appellants.
Adams & Ward and Robert C. Ward, Miami, for appellees.
Before DANIEL PEARSON and FERGUSON, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
PEARSON, TILLMAN (Ret.), Associate Judge.
Plaintiff Rose Etta Maugeri, suing as an individual, as the personal representative of her husband's estate and as the natural guardian of the two minor children of the marriage, brought an action against defendants John Plourde, Darlene Shipman and Allstate Insurance Company for the wrongful death of her husband. Because the subsequent settlement of the action  reached during trial  affected a minor survivor, the trial judge approved the settlement as provided in Section 768.25, Florida Statutes (1977), of the Wrongful Death Act.[1] Thereafter, the plaintiff' motion to *1216 set aside the settlement was denied and this appeal followed.[2]
In her motion to set aside, the plaintiff argued that the settlement was not "... properly sanctioned and approved according to law by the appropriate courts..." In support of her position, the plaintiff has presented two points on appeal, urging (1) that a trial judge who is a member of the general jurisdiction division of the circuit court lacks the authority to approve the settlement of a minor's wrongful death claim in excess of $5,000 without a guardianship proceeding and (2) that under such circumstances, approval must be by a circuit court judge who is a member of the probate division of the circuit court. We cannot agree with either argument and, accordingly, we affirm the appealed order.
Taking the plaintiff's second point first, i.e., that only a circuit court judge who is a member of the probate division may approve such a settlement, we find that the plaintiff's position is contrary to the plain language of the Wrongful Death Act. Section 768.25, Florida Statutes (1977), thereof provides:
Court approval of settlement.  While an action under this act is pending, no settlement as to amount or apportionment among the beneficiaries which is objected to by any survivor or which affects a survivor who is a minor or an incompetent shall be effective unless approved by the court.
Section 768.23, Florida Statutes (1977), provides:
Protection of minors and incompetents.  The court shall provide protection for any amount awarded for the benefit of a minor child or an incompetent pursuant to the Florida Guardianship Law.
In Section 744.387(3)(a), Florida Statutes (1977), of the Florida Guardianship Law, concerning the procedures for the settlement of a minor's claim, it is stated:
No settlement after an action has been commenced by or on behalf of a minor or other incompetent shall be effective unless approved by the court having jurisdiction of the action.
It is clear from this language that the only court having jurisdiction to approve the settlement of a minor's claim in a pending action is the court in which the action is pending. Although the plaintiff claims that a minor litigant may need protection from the estate or the natural guardian in the apportionment proceedings, nonetheless, the law provides for such protection through the appointment of a guardian ad litem when the court thinks such protection is advisable. See Fla.R. Civ.P. 1.210(b) and Smith v. Langford, 255 So.2d 294 (Fla.1st DCA 1971).
The plaintiff's first point in effect claims that there must be a proceeding under the Florida Guardianship Law, Chapter 744, Florida Statutes (1977), before there can be an approval of the settlement of a minor's claim, where the amount of the settlement is more than $5,000. In this case, the important statutory provisions are found in Section 744.301, Florida Statutes (1977), which states:
(2) The natural guardian or guardians may collect, receive, manage, and dispose of any real or personal property distributed from an estate or trust or proceeds from a life insurance policy to the child during minority, or otherwise owed by the child during minority, when the amount involved in any instance does not exceed $5,000, without appointment, authority or bond.
(3) All instruments executed by a natural guardian under the powers provided for in subsection (2) shall be binding on the ward.
This statutory section obviously requires protection of the minor's property after the settlement has been approved by the trial court. Cf. Tucker v. Shelby Mutual Insurance *1217 Co. of Shelby, Ohio, 343 So.2d 1357 (Fla.1st DCA 1977). This is reinforced by Section 744.387, Florida Statutes (1977), of the Florida Guardianship Law, which is quoted from above in our discussion of point two and which specifically provides for approval of settlements by "... the court having jurisdiction of the action."
We think it appropriate to comment that every judge of the circuit court possesses the full jurisdiction of that court in his of her circuit and that the various divisions of that court operate in multi-judge circuits for the convenience of the litigants and for the efficiency of the administration of the circuits' judicial business. See In the Interest of Wendy Dee Peterson, 364 So.2d 98 (Fla.4th DCA 1978); and Guardianship of Bentley, 342 So.2d 1045 (Fla.4th DCA 1977).
Affirmed.
NOTES
[1] §§ 768.16-.27, Fla. Stat. (1977).
[2] Under the provisions of Fla.R.App.P. 9.130(a)(5), we have accepted jurisdiction in this matter  filed with us as a plenary appeal  upon a holding that the order sought to be reviewed is in the nature of a denial of a motion "... filed pursuant to Fla.R.Civ.P. 1.540..."