**Moises COMAS, etc., et al., Plaintiffs,**

**v.**

**SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Defendant.**

**No. 84–1683–CIV–EPS.**

United States District Court,
S.D. Florida,
Miami Division.

Feb. 27, 1987.

High, Stack, Lazenby, Palahach and Lacasa, Robert E. Stone, Coral Gables, Fla., for plaintiffs.

Dorian S. Denburg, Miami, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER DIRECTING PROCEDURES TO BE FOLLOWED FOR APPROVAL OF SETTLEMENT

SPELLMAN, District Judge.

This CAUSE came before the Court on the Amended Petition of the Plaintiffs to approve the settlement of the minor, Moises Comas.

When this cause was originally presented to the Court on the initial Petition for Approval of settlement, the Court instructed the plaintiffs to institute a guardianship with the Probate Division of the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County. It was likewise directed that before this Court would exercise its jurisdiction to approve the settlement that the matter be presented before the Judge to whom the guardianship was assigned. A legal guardianship of the property was in fact opened on December 2, 1986 under Case No. 86–6817.

The amended petition for settlement seeks approval of this Court by informing this Court that under the provisions of Fla.Stat.Ann. § 744.387 (3)(a) (West 1986) and *Maugeri v. Plourde,* 396 So.2d 1215 (Fla.Dist.Ct.App.1981) this Court has jurisdiction to approve the settlement in the above-styled cause. The Court deeply appreciates the enlightenment bestowed upon it by the Plaintiffs' counsel, but would like to remind counsel that this Court was aware of its jurisdiction at the time that it originally directed that the guardianship be sought and that the initial approval for the settlement be obtained before the Circuit Judge.

Inherent in this Court's reasoning is the fact that although jurisdiction vests in this Court as the trial judge, the primary responsibility for the welfare of the minor is that of the guardianship judge. He has before him the capability and the responsibility for looking into the needs of the minor and where, as here, parents are also party plaintiffs to the proceedings, to be assured that the amount of the settlement is proportionate to the damages inflicted on the minor in relationship to the damages claimed to be suffered by the parents; that there has been no overreaching or compromising involving the minor; that the costs and attorneys fees claimed as involving all of the parties is proportionate; and that,

---

most importantly, distribution of the funds shall be made in accordance with all and any modification that is reasonably proposed by the State circuit judge prior to any dismissal of the proceedings by virtue of approval of settlement by the trial judge.

This result furthers the policies behind the nature of guardianship law generally, for the guardianship relationship is more than one of mere protection, "it is a trust relationship of the most sacred character." 39 Am.Jur.2d *Guardian and Ward* § 1 (1968). By definition, the guardian "is the one to whom the law has entrusted the custody and control of the person or property, or both, of an incompetent." Fla. Stat.Ann. § 744.102 (West 1986). It is not a relationship which is taken lightly. Naturally then, guardianship law has historically been peculiarly within the expertise of the state courts. To this end, Florida, as virtually every state in this country, has statutorily outlined its policies in this area of the law. *See* Fla.Stat.Ann. ch. 744. While federal courts may have jurisdiction over actions involving guardians, it is generally not their area of expertise. At the same time, this result alleviates what this Court perceives to be a flaw in the present statutory scheme, to the extent that Fla. Stat. § 744.387 would allow a federal court to approve such a settlement as this one, without first receiving the blessings of the State trial judge. For it is that judge who appointed the guardian in the first instance and, in this Court's eyes, is the "primary guardian," and therefore has the real responsibility for administering and policing the relationship it created.

The procedure suggested by this Court is admittedly cumbersome. Unfortunately, experience has taught this trial judge that many a well-intended parent cannot account to a child or to a Court years after a settlement has been made as to the whereabouts of monies that rightfully belong to a minor and which should properly have been available after that individual reached his or her majority.

Although this Court is well aware of its jurisdiction, it declines to exercise the same until such time as this matter is presented to the judge before whom the guardianship is presently pending for his order of approval and direction to this Court and to the parties as to how the monies should subsequently be paid if in fact he approves the settlement in question. This Court at that time will honor its responsibility to likewise review the settlement but with the satisfaction of knowing that in doing so the order of dismissal of this Court will only be the beginning and not the end of the protection of the minor's rights.

Based upon the above and foregoing, it is ORDERED AND ADJUDGED as follows:

1. That the above-stated matter be presented to the Honorable Francis Christie, Circuit Judge, for his approval and this Court does hereby request the Honorable Francis Christie to conduct such hearing as he deems advisable and to enter his order as to whether or not this Court should in fact proceed to conduct a hearing relative to approving the settlement in the above-styled cause.

2. That the plaintiffs, in the presentation to be made to the Honorable Francis Christie, request that his order, if in fact approval of settlement is forthcoming, provide a directive with regard to distribution of monies and the manner in which the funds of the settlement are ultimately to be retained on behalf of the minor.

3. That upon an order being entered, this matter shall be presented before this Court for the purposes of this Court conducting a hearing with regard to settlement.