855 So.2d 668 (2003)
Isabel GARCIA-ROQUE, Appellant,
v.
Ismael ROQUE-VELASCO, Appellee.
No. 3D02-835.
District Court of Appeal of Florida, Third District.
September 10, 2003.
Norkin & Drucker, and Jeffrey Norkin, Miami, for appellant.
Bluestein, Wayne and Weintraub, and Karen B. Weintraub, Miami, for appellee.
Before GERSTEN, GREEN, and RAMIREZ, JJ.
PER CURIAM.
We affirm the order granting the former husband/appellee's motion for judgment on the pleadings. Since the former wife/appellant was seeking to enforce an oral agreement made subsequent to the dissolution of the marriage, the family division trial judge properly found lack of subject matter jurisdiction. See Poling v. Tresidder, 373 So.2d 405 (Fla. 4th DCA 1979).
Where parties arrive at a subsequent agreement that was not a part of the trial court's final dissolution order, enforcement of that agreement cannot be obtained simply by filing a motion, but *669 rather must be sought in a separate breach of contract action. See Paulucci v. General Dyn., 842 So.2d 797 (Fla.2003); MCR Funding v. CMG Funding Corp., 771 So.2d 32 (Fla. 4th DCA 2000).
Contrary to the concurring opinion's suggestion, there simply is no policy or legal basis to require a transfer under these circumstances. Moreover, since the former wife never raised the issue of transfer to the civil division below, but rather strenuously insisted the cause remain in the Family Division, it is clearly inappropriate for this Court to even consider this issue which is being raised for the first time on appeal. See Miller v. Miller, 709 So.2d 644 (Fla. 2d DCA 1998); Maryland Nat'l Ins. Co. v. State, 243 So.2d 183 (Fla. 3d DCA 1971); Beaty v. Beaty, 177 So.2d 54 (Fla. 2d DCA 1965).
Affirmed.
GERSTEN and GREEN, JJ., concur.
RAMIREZ, J (concurring).
I concur in the result reached by the majority, but not in its reasoning.
The majority affirms an order granting the former husband/appellee's motion for judgment on the pleadings. In so doing, it states as follows: "Since the former wife/appellant was seeking to enforce an oral agreement made subsequent to the dissolution of the marriage, the family division trial judge properly found lack of subject matter jurisdiction." (emphasis added). The majority then cites Poling v. Tresidder, 373 So.2d 405 (Fla. 4th DCA 1979). The Poling case, however, held that, because the original final judgment of dissolution of marriage did not retain jurisdiction in the trial court, the trial court was without authority to entertain the "Petition for Enforcement." Id. at 406. This is more than just a quibble about semantics because subject matter jurisdiction can be raised at any time, see Fla. R. Civ. P. 1.140(b), whereas the lack of authority may be waived if not raised in a timely manner. Fidelity Brokerage Servs., Inc. v. Cook, 572 So.2d 6 (Fla. 4th DCA 1991). A lack of precision in our terminology is only going to cause confusion in future cases.
I agree that the judge had no authority to maintain a suit that properly belonged in the general jurisdiction division instead of the family division. Had the former wife made this argument below, in my view the proper remedy would have been to transfer the case to that division, not dismiss the case for lack of subject matter jurisdiction.
The parties entered into a Marital Settlement Agreement, which was approved and ratified by the Final Judgment for Dissolution of Marriage, on November 29, 1994. On July 12, 2000, Ms. Garcia filed her Petition for Enforcement of Marital Settlement Agreement in the Family Division of the 11th Judicial Circuit, with the same case number as the prior divorce case. Pursuant to Count I of the Wife's Second Amended Petition for Enforcement, Ms. Garcia has alleged that subsequent to the execution of the Marital Settlement Agreement and entry of Final Judgment, the parties entered into an oral understanding regarding their rights and obligations under the Marital Settlement Agreement. She has requested that the court "enforce" the Marital Settlement Agreement by ordering Mr. Roque to comply with the oral understanding, which he has allegedly failed to do.
Mr. Roque filed a Motion for Judgment on the Pleadings, alleging that the relief that Ms. Garcia requests is impermissible and that she has not presented any viable legal claims for the court to adjudicate. The trial court agreed with Mr. Roque and entered a judgment on the pleadings with *670 respect to Count I of Ms. Garcia's second amended petition. The court also dismissed the remaining counts because it lacked "subject matter jurisdiction." This was error.
As the Fourth District recently explained in Partridge v. Partridge, 790 So.2d 1280, 1284 (Fla. 4th DCA 2001), "[s]ubject matter jurisdiction is `the power of the court to adjudicate the class of cases to which the particular case belongs.'" (quoting VL Orlando Bldg. Corp. v. AGD Hospitality Design & Purchasing, Inc., 762 So.2d 956, 957 (Fla. 4th DCA 2000)). It is undisputed that a circuit court has the power to adjudicate claims for constructive trust, fraud and accounting.
As in Partridge, Mr. Roque's claim is not lack of subject matter jurisdiction, but rather divisional jurisdiction. See generally Williams v. State, 737 So.2d 1141, 1142 (Fla. 4th DCA 1999). In the Interest of Peterson, 364 So.2d 98, 99 (Fla. 4th DCA 1978), states that "[a]ll circuit court judges have the same jurisdiction within their respective circuits.... The internal operation of the court system and the assignment of judges to various divisions does not limit a particular judge's jurisdiction." See also Maugeri v. Plourde, 396 So.2d 1215, 1217 (Fla. 3d DCA 1981) ("We think it appropriate to comment that every judge of the circuit court possesses the full jurisdiction of that court in his of [sic] her circuit and that the various divisions of that court operate in multi-judge circuits for the convenience of the litigants and for the efficiency of the administration of the circuits' judicial business.").
The Florida Family Law Rules of Procedure do not place their divisional jurisdiction or subject matter jurisdiction exclusively with the judges that serve in the family division. Partridge, 790 So.2d at 1285. The proper remedy is to transfer the case to the correct division, once the party tenders the filing fee. Furthermore, by granting a motion to dismiss without specifying that it is without prejudice to refile in the proper division, the trial judge simply creates confusion and may prejudice the wife's ability to proceed to the merits of the case.
In this case, however, the former wife failed to request a transfer to the civil division and thus cannot raise this issue for the first time on appeal. See Labrada v. Metropolitan Dade County, 715 So.2d 1126 (Fla. 3d DCA 1998).