951 So.2d 1020 (2007)
James W. FORT, Former Husband, Appellant,
v.
Cynthia FORT n/k/a Cynthia Taylor, Appellee.
No. 1D06-2795.
District Court of Appeal of Florida, First District.
March 26, 2007.
*1021 Cynthia Stump Swanson, Gainesville, for Appellant.
Robert W. Bauer of Clayton-Johnston, P.A., Gainesville, for Appellee.
VAN NORTWICK, J.
James W. Fort, the former husband, appeals an order dismissing, without prejudice, his motion to enforce a modification of a final judgment of dissolution.[1] Although we conclude that the trial court erred to the extent it ruled that it lacked subject matter jurisdiction, we affirm pursuant to the "tipsy coachman" rule because the former husband's petition failed to state a cause of action. See Dade County School Bd. v. Radio Station WQBA, 731 So.2d 638, 644-45 (Fla.1999).
The former husband filed a petition styled "Petition to Enforce Modification of Final Judgment of Dissolution of Marriage" in the family law division of the circuit court. By this petition the former husband sought to prevent Cynthia Fort, the former wife and appellee, from obtaining a portion of his pension from the United States Coast Guard even though the parties' final judgment of dissolution had awarded the former wife 50% of the former husband's pension benefits. The former husband alleged that the parties had orally agreed that the former wife would forego the pension as awarded to her as a property distribution in the judgment of dissolution in return for the continued payment of child support. The matter was assigned to a family law division general magistrate who entered a report that recommended the petition be dismissed without prejudice based upon lack of subject matter jurisdiction. The general magistrate based her recommendation upon, among other things, the following findings:
7. The issue in this case is one of equitable distribution of property, and therefore, the General Magistrate does not have jurisdiction over this matter as a family law case.
8. The General Magistrate does not have jurisdiction over the matter as a breach of contract action because the authority granted to her by the Order of Referral is under the Florida Family Law Rules of Procedure, and not the Florida Civil Law Rules of Procedure.
The circuit court adopted the recommendations of the general magistrate and dismissed the action without prejudice for lack of jurisdiction. In the order of dismissal, the circuit court ruled as a matter of law that the parties did not have the authority to modify a final judgment by agreement or otherwise. The trial court found "the former Husband more correctly identifies this as an `oral agreement' to modify two issues addressed in the Final Judgment." Nevertheless, the trial court ruled that the existence and enforceability *1022 of any oral agreement to modify a property distribution "is a civil matter and not subject to the jurisdiction of the General Magistrate or this Court arising from the family law case at hand."
A party's property rights, if determined by a final judgment of dissolution of marriage, are fixed as a matter of law by the judgment, unless there is a reservation of jurisdiction. § 61.14, Fla. Stat. (2005); Encarnacion v. Encarnacion, 877 So.2d 960 (Fla. 5th DCA 2004); Harman v. Harman, 523 So.2d 187 (Fla. 2d DCA 1988); Brandt v. Brandt, 525 So.2d 1017 (Fla. 4th DCA 1988); compare Hulse v. Hulse, 873 So.2d 542 (Fla. 1st DCA 2004). In the case on appeal, there was no reservation of jurisdiction over the distribution of property by the final judgment of dissolution. Thus, the award to the former wife of a property interest in the Coast Guard pension was fixed as of the date of the dissolution judgment. Since the petition here solely concerned the property settlement, the former husband's petition was appropriately dismissed because it failed to state a cause of action.
The trial court erred, however, to the extent it ruled that it lacked subject matter jurisdiction. As the Fourth District explained in Partridge v. Partridge, 790 So.2d 1280, 1284 (Fla. 4th DCA 2001), "[s]ubject matter jurisdiction is `the power of the court to adjudicate the class of cases to which the particular case belongs.'" (quoting VL Orlando Bldg. Corp. v. AGD Hospitality Design & Purchasing, Inc., 762 So.2d 956, 957 (Fla. 4th DCA 2000), quoting Crill v. State Road Dep't, 96 Fla. 110, 117 So. 795, 798 (1928)). A circuit court has the power to adjudicate claims for modification of a final judgment of dissolution; the claim here simply lacks a basis in law. Further, to the extent that the circuit court order can be read as premising the dismissal on the lack of jurisdiction because the case was filed in the family division, the circuit court also erred. As in Partridge, the former husband's claim does not raise an issue of subject matter jurisdiction, but rather divisional jurisdiction within the circuit court. See In the Interest of Peterson, 364 So.2d 98, 99 (Fla. 4th DCA 1978)("All circuit court judges have the same jurisdiction within their respective circuits. . . . The internal operation of the court system and the assignment of judges to various divisions does not limit a particular judge's jurisdiction."); Maugeri v. Plourde, 396 So.2d 1215, 1217 (Fla. 3d DCA 1981)("We think it appropriate to comment that every judge of the circuit court possesses the full jurisdiction of that court in his of [sic] her circuit and that the various divisions of that court operate in multi-judge circuits for the convenience of the litigants and for the efficiency of the administration of the circuits' judicial business.").[2]
Accordingly, we hold that the petition was properly dismissed, although not for the reason that the circuit court lacked jurisdiction. See Dade County School Bd. v. Radio Station WQBA. Our affirmance is without prejudice to the filing of an amended complaint for breach of an oral *1023 contract and motion to transfer the case to the civil division.
AFFIRMED.
WOLF and LEWIS, JJ., concur.
NOTES
[1] Even though the order under review dismissed the action "without prejudice," it is clear from the order that judicial labor was at an end as to the former husband's petition. Thus, the order is cognizable on appeal. See Carlton v. Wal-Mart Stores, Inc., 621 So.2d 451 (Fla. 1st DCA 1993).
[2] If an action is filed in the incorrect division, the proper remedy is to transfer the case to the correct division, subject to the payment of any filing fee and subject to the requirements of any local administrative rule. The former husband's petition for enforcement is not styled as a complaint for breach of oral contract and does not seek damages for breach of oral contract. Thus, the action in its present form cannot be transferred to the civil division without substantial revision. Further, below the former husband failed to request a transfer to the civil division and cannot raise this issue for the first time on appeal. See Garcia-Roque v. Roque-Velasco, 855 So.2d 668 (Fla. 3d DCA 2003).