PER CURIAM.
Lauren Anscher appeals an order dismissing an adversary proceeding brought in the probate division of the circuit court on the ground that there exists an identical action filed by her, albeit removed to the United States District Court for the Southern District of Florida, in the general jurisdiction division of the same court. We affirm the dismissal on the unique facts of this case.
Lauren Anscher is the surviving spouse of Bernard Anscher, who died on September 4, 2002. According to an amended adversary proceeding filed in the probate division of the circuit court below, Bernard executed and mailed a written instruction to his brokerage firm, Lebenthal & Co., to transfer certain securities out of a trust, in which he was the grantor, to his wife just two days before his death. The adversary complaint continues that on the day after Bernard died, Joseph Anscher, as successor co-trustee of the trust, called Leben-thal and directed Bernard’s broker not to execute the decedent’s directive. Leben-thal did not do so. In the adversary proceeding, Lauren sued the estate, trustees of the trust, and Lebenthal to effectuate the transfer and for separate additional damages against Lebenthal for failure to honor the decedent’s instruction.
In June 2003, Lauren settled her claims with the estate and trustees of the trust, expressly excluding Lebenthal from the settlement. In August 2006, Lauren apparently became concerned the remaining probate claim against Lebenthal would no longer be characterized as adversarial, see In re Estate of Beeman, 391 So.2d 276, 278-79 (Fla. 4th DCA 1980)(noting that to qualify as an adversary proceeding in probate court, an action must relate to the administration of an estate or guardianship or must be determined by the trial court to be an adversarial proceeding), and therefore be dismissed once the statute of limitations had passed on the claim. Lauren filed a self-described “virtually identical” action against Lebenthal in the general jurisdiction division of the circuit court. *923 After Lebenthal removed this action to the United States District Court for the Southern District of Florida and a motion to remand was denied, Lauren, for her own reasons, acceded to a stay of the federal action and accelerated her prosecution of the remaining probate case, prompting Le-benthal’s motion to dismiss and the order on appeal.
The probate court should have transferred the probate action rather than grant the motion to dismiss. Fort v. Fort, 951 So.2d 1020, 1022 (Fla. 1st DCA 2007); Payette v. Clark, 559 So.2d 630, 638 (Fla. 2d DCA 1990). However, in filing her self-described “virtually identical” action in the circuit court’s general-jurisdiction division, Lauren effectively transferred the case of her own volition. Particularly mindful that Lauren did not aggressively pursue the probate case until after the general jurisdiction case was removed, we also find, on the unusual facts of this case, that the probate court’s order of dismissal was harmless. See Kingsley v. Kingsley, 623 So.2d 780, 785 (Fla. 5th DCA 1993)(holding that trial court’s error in allowing an improper petition was rendered harmless by the fact that other proper petitions for the same action were filed as well). To conclude otherwise would violate the spirit of our rules of procedure, and disrespect the principles of comity underlying removal jurisdiction. See Maseda v. Honda Motor Co., 861 F.2d 1248, 1254 (11th Cir.1988)(“[A]fter removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case.”); Lowe v. Jacobs, 243 F.2d 432, 433 (5th Cir.1957)(“[A] state court ... loses all jurisdiction after compliance with the removal statute, until there has been a remand.”).
We are unmoved by Lauren’s concern that the dismissal leaves unresolved pending discovery, sanction motions, or delays the conclusion of the case. In denying Lauren’s motion for remand almost a year ago, the learned United States District Judge announced that “if [the probate court] doesn’t proceed and dismisses [the] case in the adversary proceeding, then I’m prepared on the motion for either side to open up this case and set it down for trial as quickly as you all want it.” We take him at his word. To whatever extent there might be unresolved discovery issues, we note that the facts upon which those issues are joined transpired almost entirely after the petition for removal of the general jurisdiction case was filed.
Affirmed.