WARNER, J.
Appellant, Donna M. Baudanza, timely appeals the circuit court’s order closing her case for lack of jurisdiction. Because the case involved a final judgment of adoption, over which the court had retained jurisdiction, as well as a marital settlement agreement regarding visitation and child support, the court concluded that its family division did not have jurisdiction, and that the appellant’s motions for enforcement and contempt should be heard in the adoption court. We hold, however, that the circuit court has jurisdiction and therefore the court erred in closing the case for lack of jurisdiction.
Appellant and appellee, Dennis Baudan-za, divorced in 2006 in a case filed in Broward County Circuit Court Family Division. At the time of the divorce, the two parties entered into a Marital Settlement Agreement, which, inter alia, set up custody for their minor son and ordered appel-lee to pay to appellant $1,267.00 per month in child support.
After the divorce, appellant married Kenneth J. Dunne. Appellant and appel-lee then entered into the Post Judgment Agreement — Modification of the Final Judgment and Marital Settlement Agreement, in which it was agreed that: Dunne would file for formal adoption of the child; appellee would pay $633.50 monthly in child support (half of the original amount); appellee would continue payments on a life insurance policy; and appellee would have access to his son for life.
Consistent with the Post Judgment Agreement, the parties filed for adoption under a new case number in Broward County. The final order of adoption stat *658 ed that all of appellee’s parental rights were terminated. The court did not retain jurisdiction for any other purpose in the judgment. In the dissolution action, the court ratified and incorporated the Post Judgment Agreement by final order in which it “retains jurisdiction of the parties and the subject matter hereof, and for the entry of such further orders as the Court deems necessary.”
About nine months later, in the dissolution action, the appellee filed a motion for relief from the final order incorporating the Post Judgment Agreement, essentially alleging that the appellant had precluded him from seeing his son and contending that because the adoption judgment terminated his rights, he was no longer required to provide child support. Countering that motion, appellant filed a motion for contempt because of appellee’s nonpayment of the child support under the Post Judgment Agreement, which prompted appellee to file a motion for modification of the child support based upon changed circumstances.
The court referred the motions to a magistrate who, after a hearing, made recommendations to enforce the agreement requiring the payment of child support, although it did not determine one of appel-lee’s defenses, namely appellee’s competency to enter into the Post Judgment Agreement. Appellee filed objections to the report, contending that the agreement was unenforceable and void as a matter of law because of the adoption of the child by the step-father. He noted that he could not enforce his rights to visitation because of the adoption. Likewise, he argued, the appellant should not be entitled to require child support from him. Thus, appellee disclaimed both the benefits and the responsibilities of the Post Judgment Agreement by claiming that it is unenforceable as to him.
Instead of ruling on the issues in the magistrate’s report, the family court judge determined that she had no jurisdiction and closed the case. The order stated that, “as a matter of law, the contract and subsequent adoption only closed the family case. All proceedings are elsewhere — either adoption or civil court.” This appeal followed.
“Whether a court has subject matter jurisdiction is a question of law reviewed de novo.” Sanchez v. Fernandez, 915 So.2d 192, 192 (Fla. 4th DCA 2005). “Subject matter jurisdiction is ‘the power of the court to adjudicate the class of cases to which the particular case belongs.’ ” Partridge v. Partridge, 790 So.2d 1280, 1284 (Fla. 4th DCA 2001) (quoting VL Orlando Bld,g. Corp. v. AGD Hospitality Design & Purchasing, Inc., 762 So.2d 956, 957 (Fla. 4th DCA 2000)). “[Ejvery judge of the circuit court possesses the full jurisdiction of that court in his or her circuit and ... the various divisions of that court operate in multi-judge circuits for the convenience of the litigants and for the efficiency of the administration of the circuits’ judicial business.” Maugeri v. Plourde, 396 So.2d 1215, 1217 (Fla. 3d DCA 1981) (citing In Interest of Peterson, 364 So.2d 98 (Fla. 4th DCA 1978)). As this Court stated in Peterson:
A judge in the probate division or the juvenile division or the civil division or the criminal division has the authority and jurisdiction to hear cases involving child custody or dependency. The internal operation of the court system and the assignment of judges to various divisions does not limit a particular judge’s jurisdiction.
Peterson, 364 So.2d at 99 (emphasis added).
Thus, even though the child was the subject of adoption, the judge sitting in the *659 family division would have authority to rule on issues connected to the agreements reached in those proceedings. In fact, the court reserved jurisdiction of the parties and subject matter in the final order incorporating the Post Judgment Agreement. On the other hand, no jurisdiction was reserved in the Final Judgment of Adoption. Therefore, the only case in which the issues regarding the Post Judgment Agreement could be litigated at this point would be in front of the court retaining jurisdiction for that purpose.
The circuit court has been asked to determine the validity and enforceability of the agreement in light of the adoption of the child. The court has jurisdiction to make those determinations. We therefore reverse and remand for the court to conduct further proceedings in this matter.
DAMOORGIAN and GERBER, JJ„ concur.