WARNER, J.
Appellant, who was divorced from appel-lee Feigenheimer, filed a petition for modification of child support as well as various counts of fraud, deceptive and unfair trade practices, and negligence against Feigen-heimer’s company, its managers, as well as the company’s C.P.A., for their alleged assistance in helping Feigenheimer hide his income so as to lower his child support. The trial court, who presided in the Family Division of the circuit, dismissed all of the fraud, statutory violation, and negligence counts without prejudice to appellant filing them in the civil division. Appellant challenges that dismissal, claiming that the court had jurisdiction to hear all claims. We agree that the circuit court had jurisdiction, and dismissal was an improper remedy.
The parties concede that, “[a]ll circuit court judges have the same jurisdiction within their respective circuits.” In Interest of Peterson, 364 So.2d 98, 99 (Fla. 4th DCA 1978). Nevertheless, the appel-lees claim that dismissal is proper because the fraud and negligence claims should have been brought in the civil division. See, e.g., Partridge v. Partridge, 790 So.2d 1280 (Fla. 4th DCA 2001). Because the circuit court had jurisdiction, however, the court should not have dismissed the case. “If an action is filed in the incorrect division, the proper remedy is to transfer the case to the correct division, subject to the payment of any filing fee and subject to the requirements of any local administrative rule.” Fort v. Fort, 951 So.2d 1020, 1022 n. 2 (Fla. 1st DCA 2007).
While the appellees note that the appellant did not request transfer, she opposed dismissal, and dismissal was not the proper remedy. We distinguish Garcia-Roque v. Roque-Velasco, 855 So.2d 668 (Fla. 3d DCA 2003), relied upon by the appellees. In Gareia-Roque, the appellate court refused to order transfer from the family division to the civil division when the appellant had not requested transfer in the circuit court. There, the family court judge had dismissed for lack of subject-matter jurisdiction the petition seeking to enforce a post-dissolution judgment oral agreement, because in the final judgment of dissolution, the court had reserved jurisdiction only to enforce its judgment and not any subsequent agreement. The trial court’s order dismissing the petition for lack of subject matter jurisdiction was a proper remedy. In this case, the parties do not argue that the court lacked subject matter jurisdiction, only that the civil division should hear the case because of administrative efficiency.
The appellees also request that we affirm based upon the tipsy coachman principle and find that none of the causes of action state viable claims against the defendants. We decline to do so, as the trial court permitted the wife to re-file and amend her claims.
Reversed for reinstatement of the petition and to transfer the case to the civil division of the Fifteenth Judicial Circuit Court.
CIKLIN and LEVINE, JJ., concur.