ZAMBRANO, R.A., Associate Judge.
Christina Malave appeals the family court’s order dismissing with prejudice her ancillary petition filed after the death of her husband, Wilfredo Malave. In her petition, she alleged fraudulent dissipation and concealment of. marital assets by several members of her husband’s family, her husband’s divorce attorney, Herbert W. Biggs, and Joseph T. Schiavone, Jr.[1] The family court found that it lacked jurisdiction over the divorce action because Mr. Malave died before a judgment dissolving the marriage was entered. We reverse the dismissal of the ancillary petition, find that the dismissal with prejudice was improvidently entered, and direct the circuit court to transfer the ancillary petition from its family division to its civil division.
The tragic facts of this case merit some discussion. On July 12, 2012, Mrs. Malave filed a verified petition for divorce from her husband in the family law division of the circuit court. Mr. Biggs filed an appearance on behalf of Mr. Malave. Three months later, Mrs. Malave filed a motion to compel responses to her interrogatories alleging that her husband was evading discovery and had not produced any of the required financial disclosures. On January 18, 2013, four days before the hearing on the motion to compel and before the entry of a final judgment dissolving the marriage, her husband and their three minor children died in an automobile crash when her husband drove off the road at a high rate of speed and hit several objects. The divorce petition was abated by his death.[2]
*53 , After the divorce case was dismissed, Mrs. Malave discovered that her husband allegedly made a substantial number ■ of property and money, transfers to his relatives shortly before his death. She learned that her husband had, among othr er things, allegedly divested himself from ownership of the bulk of his assets, including marital assets. She also found that her husband had changed the beneficiaries in his and their children’s life insurance policies. She asserted that roughly one-half million dollars from her husband’s 401(k) account and life insurance policy benefits had been removed from the marital estate and gifted to his relatives in some form or another. She alleged that all these- events took place between the filing of the divorce and his death. She deduced that the disposal of marital assets was intentional and that Mr. Biggs and Mr. Schiavone had assisted in the allegedly fraudulent transfers.
Subsequently, Mrs. Malave moved to reopen the abated divorce case and to file an ancillary petition naming Mr. Biggs, Mr. Schiavone, and her husband’s relatives[3] as defendants.: The family court granted the motion. In her petition, Mrs. Malave1 alleged, among other things, that Mr. Biggs and Mr. Schiavone colluded with her husband in committing fraudulent acts during the pendency of the divorce proceedings in order to facilitate the dissipation and concealment of- marital- assets. Neither Mr. Biggs nor Mr. Schiavone filed a response to the petition. The clerk entered a default against Mr. Schiavone. Eventually, Mr. Biggs filed a motion to dismiss the ancillary petition asserting that the family court lost jurisdiction over the divorce case when the husband died.
The family court dismissed the ancillary petition and the dissolution of marriage case finding that because the husband’s death occurred prior to the entry of a final judgment dissolving the marriage, the court no longer had jurisdiction over the dissolution case. It also found that because Mrs. Malave had an “adequate remedy at law,” the court could not grant equitable relief. The family court granted Mrs. Malave’s motion for rehearing on additional issues, but the court reached the same conclusion. This time when the family court dismissed the marriage dissolution petition and the ancillary petition, it did so with prejudice. The instant appeal followed.
In this case, Mrs. Malave’s attempt to sue her husband’s lawyer for fraud in the divorce action was misplaced. Because no judgment had been entered dissolving the marriage at the time of the husband’s death, the divorce action ended when the husband died. See Fernandez v. Fernandez, 648 So.2d 712, 714 (Fla.1995); Sahler v. Sahler, 154 Fla. 206, 17 So.2d 105, 107 (1944) (citing Price v. Price, 114 Fla. 233, 153 So. 904, 905 (1934)); Topol v. Polokoff, 88 So.3d 341, 344 (Fla. 4th DCA 2012). The trial court rightly recognized this issue. Even so, the trial court should not have dismissed the ancillary petition when it dismissed the dissolution action.
Ancillary relief is generally available in dissolution of marriage cases. See Adler v. Adler, 365 So.2d 411, 412 (Fla. 3d DCA 1978); Schetter v. Schetter, 279 So.2d 58, 59 (Fla. 4th DCA 1973) (citing Spector v. Ahrenholz, 107 So.2d 34, 36 (Fla. 3d DCA 1958)); Henry P. Trawick, Jr., Trawick’s Fla. Prac. & Proc., § 30:5 (2015 ed.); 13 Fla. Jur.2d Creditors’ Rights § 242 (2015). However, the ancillary relief must *54 relate to matters whieh are personal and proper to the divorce action itself. For example: injunctions, writs of m exeat, receivers, sequestration, garnishment, and partition actions are some of the legally recognized ancillary matters to a divorce action; but only when they are subordinate to the main action. 1 See Tra/udek, mpra, § 30:5. The common thread between them is a distinct relationship linking the parties and the subject of the litigation. Id.
Mrs. Malave’s ancillary petition itself is not ancillary to the divorce because Mr. Biggs was not a party to that litigation. See Rosenhouse v. Ever, 150 So.2d 732, 732 n. 1 (Fla. 8d DCA 1963) (noting that the spouse’s attorney was not a party to the dissolution of marriage action (citing Smith v. Smith 90 Fla. 824, 107 So. 257, 259 (1925))).. In other words, the ancillary petition was.not part of the main action; it was an independent civil action. See Gacia-Roque v. Roque-Velasco, 855 So.2d 668, 668-69 (Fla. 3d DCA 2003); Valdespino v. Pedraza, 510 So.2d 978, 978 (Fla. 3d DCA 1987) (finding that the third-party claims must be brought in an independent action after the death of a spouse when no judgment dissolving the marriage was entered). Indeed, we- have previously held that “frauds On - the 'court .. must be brought as an independent action and not by motion in the original action.” Dyke v. Dyke, 837 So.2d 584, 586 (Fla. 5th DCA 2003) (citing Gordon v. Gordon, 625 So.2d 59, 63-64 (Fla. 4th DCA 1993)).
Although the dissolution of marriage petition was properly dismissed, the family court should have sua sponte[4] transferred the ancillary petition to the civil division of the' circuit court rather than dismissing it with prejudice. See Fla. R. Civ. P. 1.060(a); Fla. Fam. L.R.P. 12.060; West v. West, 126 So.3d 437, 438-39 (Fla. 4th DCA 2013) (citing Gross v. Franklin, 387 So.2d 1046, 1048 (Fla. 3d DCA 1980)); Chanin v. Feigenheimer, 111 So.3d 292, 293 (Fla. 4th DCA 2013) (quoting Fort v. Fort, 951 So.2d 1020, 1022 n. 2 (Fla. 1st DCA 2007)); Weaver v. Hotchkiss, 972 So.2d 1060, 1062 (Fla. 2d DCA 2008). Courts have long recognized the importance,of assigning cases to the correct divisions of the circuit court. See, e.g., Art. V, §§ 7, 20(c)(10), Fla. Const.; § 43.30, Fla. Stat. (2015); Williams v. State, 737 So.2d 1141, 1141 (Fla. 4th DCA 1999). A circuit court, however, does not lack jurisdiction simply because a case is filed or assigned to the wrong division within the circuit court. See Partridge v. Partridge, 700 So.2d 1280, 1284-85 (Fla. 4th DCA 2001). Rather, it is true that:
All circuit court judges have the same jurisdiction, within their respective-circuits. A judge in the probate division or the juvenile division or the civil division or the criminal division has the authority and jurisdiction :t© hear; cases; involving child custody or dependency. The inter *55 nal operation of the court system and the assignment of judges to various divisions does not limit a particular judge’s jurisdiction.
In re Peterson, 364 So.2d 98, 99 (Fla. 4th DOA 1978); accord Partridge, 790 So.2d at 2284-86. Thus, the .filing of an action in the wrong division should be remedied by reassignment to the correct division as opposed to a dismissal of the action. See West, 126 So.3d at 438-39 (“[I]n a situation where a complaint should have been filed in the probate division, the court should not dismiss the case solely because it was filed in the wrong division.” (citing Grossman v. Selewacz, 417 So.2d 728, 730 (Fla. 4th DCA 1982))); Chanin, 111 So.3d at 293 (“Because the circuit court had jurisdiction, however, the court should not have dismissed the case. ‘If an action is filed in the incorrect division, the proper remedy is to transfer the case to the correct division, subject to the' payment of any filing fee and subject tb the requirements of any local administrative ride.’ ” (quoting Fort, 951 So.2d at 1022 n. 2)).
Notably, in a Connecticut case, which remarkably parallels the facts of this case, the remedy was identical to our holding here. In Aksomitas v. Aksomitas, 2009 WL 4683556, 48 Conn. L. Rptr. 750 (Conn.Super.Ct. Nov.16, 2000), the wife attempted to bring a fraudulent conveyance action against her stepson in the family' division of the superior court after the demise of her husband during the divorce trial, but prior to judgment. That court held that the husband’s death dissolved the marriage. Id,' 'The remaining action against the stepson was not deemed' a “family relations” matter, and, therefore, reassignment to the civil division of the superior court as opposed to dismissal was proper. Id.
Likewise-hero,'the family court should-have transferred the matter to the civil division of the, circuit court. Jurisdiction over the claims in the ancillary petition lies in the circuit court, and the civil division is designed to deal with the issues.raised by Mrs. Malave. By dismissing the action with prejudice the trial court completely denied Mrs. Malave the opportunity to raise her claims anywhere,[5] Accordingly, we reverse the dismissal with prejudice of the ancillary petition and remand for further proceedings in the appropriate division. of the circuit court. This-court takes no position on the merits of the claims raised in the ancillary petition.
REVERSED AND REMANDED for transfer of the ancillary petition to the civil division df the Fifth Judicial Circuit. -
EVANDER and COHEN, JJ„ concur. .

. Mr. Schiavone is a nonlawyer who referred Mr. Malave to Mr. Biggs and assisted Mr. Biggs with "accounting matters.”

. Abatement in this case means "[t]he suspension or defeat of a pending action for a reason unrelated to the merits of the claim-” See Abatement, Black’s Law Dictionary (9th ed.2009).

, This appeal relates ¡only to- Mr. Biggs. Mr. Malave’s relatives that were named in the petition have apparently settled their issues with Mrs. Malave. Mr. Schiavone did not participate in this appeal.

. An appellate court may order that a circuit court transfer a case to the appropriate division of the circuit court even when the issue ■ of-transfer was not raised by .the parties in the trial court. See West v. West, 126 So.3d 437, 438-39 (Fla. 4th DCA 2013) (finding that transfer was the appropriate remedy even though no motion to transfer was filed hi the trial court (citing Gross v. Franklin, 387 So.2d 1046, 1048 (Fla. 3d DCA 1980))); Chanin v. Feigenheimer, 111 So.3d 292, 293 (Fla. 4th DCA 2013) (transferring fraud claims brought jp the divorce action to the civil .division even though no motion to transfer was made in the trial court); Weaver v. Hotchkiss, 972 So.2d 1060, 1062 (Fla. 2d DCA 2008). But see Garota-Roque, 855 So.2d at 669 (declining to consider transferring a motion filed in the family division of the circuit court to the civil division when transfer was first raised as an issue by the appellant in the appeal, and the circuit court found it lacked subject matter jurisdiction over the motion (citing Miller v. Miller, 709 So.2d 644 (Fla. 2d DCA 1998))).

. Wo fully recognize that the trial court’s intent hero was to urge Mrs, Malave lo file her suit elsewhere. But the dismissal with prejudice may be misconstrued by another court as an adjudication on the merits. See Smith v. St. Vil, 714 So.2d 603, 604-05 (Fla. 4th DCA 1998) (noting that the words "with prejudice” indicate an adjudication on the merits (citing 33 Fla. Jur.2d Judgments and Decrees § 182 (1994), renumbered as 32A Fla. Jur.2d Judgments and Decrees § 165 (2015))). Dismissals for lack of jurisdiction are not adjudications on the merits. Fla. R. Civ. P, 1.420(b).