# Third District Court of Appeal

## State of Florida

Opinion filed June 6, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D18-283, 3D18-285, 3D18-286, 3D18-287
Lower Tribunal Nos. 17-340, 17-287, 17-232, 17-385, 15-14478, 16-2542,
15-14370, 16-4929

_____

**Shane Burnett,**
Petitioner,

vs.

**Starwood Hotels & Resorts Management Company, Inc., Wyndham
Worldwide Operations, Inc., J.C. Penney Corporation, Inc., Office
Depot, Inc., and Wal-Mart Stores, Inc.,**
Respondents.


Cases of Original Jurisdiction – Mandamus.

Shane Burnett, in proper person.

Corvo & Calas, and Cristina Fernandez; Foley & Lardner LLP, and Brandon
Williams, for respondents Starwood Hotels & Resort Management Company, Inc.,
and Wyndham Worldwide Operations, Inc.; Resnick & Louis, P.C., and Robert
Squire, for respondent J.C. Penney Corporation, Inc.; Wicker, Smith, O'Hara,
McCoy & Ford, P.A., and Brandon J. Hechtman, for respondent Office Depot,
Inc.; Quintairos, Prieto, Wood & Boyer, P.A., and Reginald Clyne, for respondent
Wal-Mart Stores, Inc.

Before LAGOA, LOGUE, and LINDSEY, JJ.

LINDSEY, J.

In these consolidated petitions, Shane Burnett seeks writs of mandamus from this Court compelling the Appellate Division of the Eleventh Judicial Circuit (the "Appellate Division") to exercise jurisdiction over, or transfer to the appropriate court, petitions for writs of mandamus arising in four cases that originated in the Civil Division of Miami-Dade County Court. For the reasons set forth below, we dismiss in part, grant in part, and deny in part.

Mr. Burnett filed the following four cases in Miami-Dade County Court: (i). Burnett v. Starwood Hotels & Resorts Management Co., No. 15-14478-SP-25, alleging false policies, procedures, practices and impractical monitoring; (ii). Burnett v. J.C. Penny Corp., No. 16-2542-SP-25, alleging false return policies, procedures, practices and impractical monitoring; (iii). Burnett v. Office Depot, Inc., No. 15-14370-SP-25; and, (iv). Burnett v. Wal-Mart Stores, Inc., No. 16-4929-SP-25, alleging unfair acts or practices, procedures and false refund policies.[1]

First, this Court has previously entered orders disposing of the petitions filed in the Office Depot and J.C. Penny cases. See Burnett v. Office Depot, Inc., No. 3D17-1305 (Fla. 3d DCA June 20, 2017) (order transferring cause to the Circuit

---

[1] Mr. Burnett failed to include the statement of claim against Office Depot, Inc. in the appendix attached to his instant petition.

Court of the Eleventh Judicial Circuit for Miami-Dade County, Florida); <u>Burnett v. J.C. Penney Corp.</u>, No. 3D17-1988 (Fla. 3d DCA Nov. 14, 2017), <u>reh'g denied</u>, (Dec. 22, 2017) (order denying petition for certiorari). Thus, the instant petitions filed in both of those cases are dismissed.

Turning to the two remaining petitions, the Appellate Division entered an order in the <u>Wal-Mart</u> case striking Mr. Burnett's petition pursuant to Administrative Order 82-22. In the <u>Starwood</u> case, the Appellate Division entered an order transferring Mr. Burnett's case to the Circuit Civil Division on the grounds that the Appellate Division lacked jurisdiction. Mr. Burnett seeks orders from this Court compelling the Appellate Division to either exercise jurisdiction over his petitions or, in the alternative, transfer them to the appropriate division of the court. In support of this position, he argues Administrative Order 82-22 is invalid because it limits judicial discretion, is inconsistent with Florida Rule of Appellate Procedure 9.040(b), and was not promulgated by the Florida Supreme Court.

The Appellate Division of the Eleventh Judicial Circuit in and for Miami-Dade County was established in 1982 pursuant to Local Rule R-3-1, "Establishment and Defining Jurisdiction of the Appellate Division of the Circuit Court." Local Rule R-3-1 was approved by the Florida Supreme Court on December 14, 1982 and assigned to the Appellate Division responsibility for the

disposition of appeals from Miami-Dade County Courts, petitions for writs of certiorari seeking review of decisions of "any public body, city or county commission or council, administrative board or agency, or the County Court." Local Rule R-3-1 further provided that cases in the Appellate Division would be heard by panels of three judges randomly selected.

A week later, on December 21, 1981, Administrative Order 82-22 was promulgated as approved by the Florida Supreme Court. It requires writs of prohibition, mandamus and habeas corpus to be filed as original actions in the respective Circuit Court Division corresponding to the type of action from which it arose:

> WHEREAS the Supreme Court of Florida has approved an amendment to the Local Rule for the Appellate Division of the Circuit Court concerning jurisdiction of said Division, and
>
> WHEREAS said amendment has removed from the jurisdiction of the Appellate Division those petitions for Writs of Prohibition and Mandamus directed to the County Court or judges thereof, or to any public body or agency; and those petitions for a Writ of Habeas Corpus, it is
>
> THEREFORE, pursuant to the authority vested in me as Chief Judge of the Eleventh Judicial Circuit of Florida, ordered that Petitions for Writs of Prohibition, Mandamus, and Habeas Corpus shall be filed in the following Divisions of the Circuit Court:
>
> 1. PROBATE DIVISION – matters involving probate, guardianship, mental health and other matters within

4

the jurisdiction of the Probate Division.

2. GENERAL JURISDICTION DIVISION – matters within the jurisdiction of the General Jurisdiction Division and Family Civil Department of the Family Division.

3. CRIMINAL DIVISION – matters within the Jurisdiction of the Criminal Division.

4. FAMILY DIVISION – FAMILY JUVENILE DEPARMENT – matters within the jurisdiction of the Family Juvenile Department of the Family Division.

In re: Filing of Petitions for Writs of Prohibition, Mandamus, and Habeas Corpus and Related Matters, Order No. AO82-22 (Fla. 11th Cir. Ct. Dec. 22, 1982). Unlike in the Appellate Division, cases assigned to the Probate, General Jurisdiction, Criminal and Family Divisions of the Eleventh Judicial Circuit are heard by a single judge as opposed to a panel of three judges. On its face, Administrative Order 82-22 shows that it was promulgated under the authority of the Florida Supreme Court.

Rule 9.040(b) provides that "[i]f a proceeding is commenced in an inappropriate court, that court shall transfer the cause to an appropriate court." Fla. R. App. P. 9.040(b). While Administrative Order 82-22 assigns certain petitions for original writs, including mandamus, to specific divisions within the Circuit Court, as opposed to the Appellate Division, neither it nor the Rule mention the other or otherwise contain language that is in conflict. Thus, Mr. Burnett's

5

argument that they are inconsistent necessarily fails.

Further, the jurisdiction of the Florida courts is set forth in the Florida Constitution. First, "there shall be a circuit court serving each judicial circuit." Article V, § 5 (a), Fla. Const. Pursuant to section 5 (b), "circuit courts shall have original jurisdiction not vested in the county courts, and jurisdiction of appeals when provided by general law. They shall have the power to issue writs of mandamus, quo warranto, certiorari, prohibition and habeas corpus, and all writs necessary or proper to the complete exercise of their jurisdiction." Id. at § 5 (b).

Similarly, Florida Rule of Appellate Procedure 9.030(c)(1) provides that circuit courts shall review, by appeal, both final and non-final orders of lower tribunals as provided by general law. Fla. R. App. P. 9.030(c)(1). Further, Florida Rule of Appellate Procedure 9.030(c)(2) states: "The certiorari jurisdiction of circuit courts may be sought to review non-final orders of lower tribunals other than as prescribed by rule 9.130."[2] Fla. R. App. P. 9.030(c)(2). Florida Rule of Appellate Procedure 9.030(c)(3) states: "Circuit courts may issue writs of mandamus, prohibition, quo warranto, common law certiorari, and habeas corpus, and all writs necessary to complete the exercise of the courts' jurisdiction." Fla. R. App. P. 9.030(c)(3).

---

[2] Rule 9.130 "applies to appeals to the district courts of appeal of the non-final orders authorized herein and to appeals to the circuit court of non-final orders when provided by general law." Fla. R. App. P. 9.130(a)(1).

6

Under section 26.012(1), Florida Statutes (2017), "Circuit courts shall have jurisdiction of appeals from county courts except appeals of county court orders or judgments declaring invalid a state statute or a provision of the State Constitution and except orders or judgments of a county court which are certified by the county court to the district court of appeal to be of great public importance and which are accepted by the district court of appeal for review. . . ." § 26.012(1), Fla. Stat. (2017).

Accordingly, there is no provision in the Florida Rules of Appellate Procedure, Florida Statutes, or Florida Constitution that requires the Appellate Division of the Eleventh Judicial Circuit to exercise jurisdiction over petitions for writs of mandamus arising out of cases originally filed in the Miami-Dade County Court. Specifically, there is no conflict with section 26.012(1) because the Appellate Division is contained within the Circuit Court of the Eleventh Judicial Circuit and is comprised of panels of three circuit court judges. As such, Administrative Order 82-22 is not invalid.

Applying the foregoing to the Appellate Division's order striking Mr. Burnett's petition in the Wal-Mart case, because the Appellate Division is not assigned responsibility to hear petitions like Mr. Burnett's, the appropriate remedy is transfer to the Circuit Civil Division. Thus, to the extent it has not yet done so, the Appellate Division shall transfer the Wal-Mart case to the Circuit Civil

7

Division.  See Weiss v. Courshon, 618 So. 2d 255, 256, n.1 (Fla. 3d DCA 1993) ("The remedy for filing in the wrong division is transfer to the correct division, rather than dismissal."); accord, Malave v. Malave, 178 So. 3d 51, 55 (Fla. 5th DCA 2015) ("[T]the filing of an action in the wrong division should be remedied by reassignment to the correct division as opposed to a dismissal of the action."). Filing in the wrong division is not a jurisdictional defect; it is a purely administrative one. This is because "every judge of the circuit court possesses the full jurisdiction of that court in his or her circuit and that the various divisions of that court operate in multi-judge circuits for the convenience of the litigants and for the efficiency of the administration of the circuits' judicial business." Maugeri v. Plourde, 396 So. 2d 1215, 1217 (Fla. 3d DCA 1981).

Conversely, based on the foregoing, the Appellate Division's order transferring Mr. Burnett's petition in the Starwood case to the Circuit Civil Division was proper.

PETITIONS DISMISSED IN PART, GRANTED IN PART, AND DENIED IN PART.