# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-3762
Lower Tribunal No. 2022-DR-013795-O

_____

VERNECE HUTCHINS,

Appellant,

v.

ESTATE OF DERRICK W. HUTCHINS, KATRINA SPINGER HUTCHINS, NEW LIFE MINISTRIES OF ORLANDO, INC., DENNIS HUTCHINS, TANGELA THOMAS, ABRAHAM ENESSI, RICHARD JONES, RACHEL BOND, MARLON MOYE MOORE, KEITH GRAYSON, GREGORY ATKINSON, STANDARD INSURANCE COMPANY, and JOHN HANCOCK INSURANCE SERVICES,

Appellees.

_____

Appeal from the Circuit Court for Orange County.
Diana M. Tennis, Judge.

October 4, 2024

WOZNIAK, J.

Appellant Vernece Hutchins appeals the order dismissing her petition seeking to domesticate and enforce a 2010 South Carolina dissolution judgment dissolving her marriage to Derrick Hutchins ("Former Husband") and two subsequent contempt orders against Former Husband for his violation of the judgment and incorporated settlement agreement. Because the dismissal order, which was premised on the trial

court's erroneous determination that it lacked subject matter jurisdiction, was entered without notice to Appellant, the facts and circumstances of this case require that we reverse.

Appellant's Petition for Domestication and Enforcement of a Foreign Judgment named Former Husband's estate[1] and numerous other parties, including New Life Ministries of Orlando, Inc., a church purportedly founded by Former Husband, and church elders and trustees (collectively "New Life") as respondents. New Life moved to dismiss improper parties and to dismiss the entire petition, arguing that the foreign orders could not be enforced against third parties as they were not parties to any agreement or order of the South Carolina courts and that the court lacked subject matter jurisdiction. Without holding a hearing and giving Appellant an opportunity to be heard on this matter, the trial court dismissed the petition. The trial court agreed that it lacked subject matter jurisdiction and suggested that for Appellant to proceed against the multiple named respondents, she could obtain a civil court judgment and open a probate action as a creditor of Former Husband's estate.

Regardless of whether the case was classified as a probate, support, or civil creditor claim, the trial court had subject matter jurisdiction. *See* § 26.012(2)(a)–(b), Fla. Stat. (2022) (recognizing exclusive original jurisdiction of circuit courts

---

[1] Former Husband, a resident of Florida, died in 2022.

2

"[i]n all actions at law not cognizable by the county courts" and "[o]f proceedings relating to the settlement of the estates of decedents . . . and other jurisdiction usually pertaining to courts of probate"); *In the Int. of Peterson*, 364 So. 2d 98, 99 (Fla. 4th DCA 1978) ("The internal operation of the court system and the assignment of judges to various divisions does not limit a particular judge's jurisdiction."). However, whether the trial court had case jurisdiction—which "refers to a court's power over a particular case within its subject matter jurisdiction"[2]—is a separate issue; it must be addressed, after appropriate notice to all parties, at a hearing at which all parties have an opportunity to be heard. We do not suggest the outcome of such hearing but rather confine our opinion to the necessity of remedying the due process violation presented here.

REVERSED and REMANDED for further proceedings.

TRAVER, C.J., and SMITH, J., concur.

Carlton Pierce, of Carlton Pierce, P.A., Boynton Beach, for Appellant.

Joshua Levine, of Trust Counsel, PLLC, Coral Gables, for Appellees, Estate of Derrick W. Hutchins and Katrina Spinger Hutchins.

No Appearance for Appellees New Life Ministries of Orlando, Inc., Dennis Hutchins, Tangela Thomas, Abraham Enessi, Richard Jones, Rachel Bond, Marlon Moye Moore, Keith Grayson, Gregory Atkinson, Standard Insurance Company, or John Hancock Insurance Services.

---

[2] *Clarke v. Glob. Guaranteed Goods & Servs., Inc.*, 364 So. 3d 1135, 1138 (Fla. 6th DCA 2023); *see generally*, Judge Scott Stephens, *Florida's Third Species of Jurisdiction*, 82 Fla. Bar J. 10 (2008).

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED